**STATE of Utah, Plaintiff and Appellee,**

**v.**

**April GARZA, Defendant and Appellant.**

**No. 900562–CA.**

Court of Appeals of Utah.

Nov. 7, 1991.

Dean N. Zabriskie, Provo, for defendant and appellant.

R. Paul Van Dam and Judith S.H. Atherton, Salt Lake City, for plaintiff and appellee.

Before JACKSON, ORME and RUSSON, JJ.

JACKSON, Judge:

Defendant April Garza appeals from the trial court's denial of her motion to suppress certain evidence. We affirm.

Defendant asserts in conclusory terms that both the warrantless search of her vehicle and the warrant search of her residence violated her constitutional rights to be free from illegal searches and seizures. ■ Defendant has not taken issue with the trial court's findings of fact and has failed to provide this court with a transcript of the hearing on the motion to suppress, therefore, we must assume, as a matter of law, that the trial court's decision to deny that motion, was not erroneous. *See Jolivet v. Cook*, 784 P.2d 1148, 1150 (Utah 1989), *cert. denied*, 493 U.S. 1033, 110 S.Ct. 751, 107 L.Ed.2d 767 (1990) (court assumes regularity of proceedings below where appellant fails to provide adequate record on appeal) (citing *State v. Miller*, 718 P.2d 403, 405 (Utah 1986); *State v. Robbins*, 709 P.2d 771, 773 (Utah 1985); *State v. Jones*, 657 P.2d 1263, 1267 (Utah 1982)). *See also State v. Steggell*, 660 P.2d 252, 253 (Utah 1983) (court assumes correctness of judgment below if counsel on appeal fails to cite to record); *State v. Tucker*, 657 P.2d 755, 756 (Utah 1982) (court assumes correctness of findings when defendant's brief contained nothing more than defendant's version of facts found by trial court).

■ While this may seem like a harsh result, we cannot review the proceedings below without an adequate record. Defendant's failure to provide us with a transcript makes it impossible for us, for example, even to verify that a conditional plea was properly entered, as defendant contends. In *State v. Sery*, 758 P.2d 935 (Utah App.1988), this court acknowledged that the use of conditional guilty pleas by criminal defendants was a sound and sensible practice, *"if* agreed to by the prosecution and accepted by the trial court." *Id.* at 938 (emphasis added). We review rulings on pre-plea motions to suppress only when such a plea "entered by the defendant with the consent of the prosecution and accepted by the trial judge specifically preserves the suppression issue for appeal and allows withdrawal of the plea if defendant's arguments in favor of suppression are accepted by the appellate court[.]" *Id.* In *State v. Bobo*, 803 P.2d 1268 (Utah App. 1990), this court stated that "[a] defendant seeking appellate review pursuant to a conditional plea bears the burden of demonstrating that the conditional nature of the plea is unambiguously established in the

trial court record." *Id.* at 1271 (citations omitted).

■ In this case, because defendant has not supplied us with the requisite record, we do not review the denial of her motion to suppress. Our decision not to consider the merits of defendant's issues on appeal is further bolstered by the fact that she failed to include a statement of facts in her brief, as required by Rule 24(a)(7) of the Utah Rules of Appellate Procedure. Neither does defendant's brief contain any citations to the record. In *Demetropoulos v. Vreeken,* 754 P.2d 960, 965 (Utah App.) (Jackson, J., concurring), *cert. denied,* 765 P.2d 1278 (Utah 1988), the author of this opinion commented that "[t]he time will most assuredly arrive when a panel of this court will be constrained to disregard intolerable and unacceptable briefs and not reach the merits of the case." *Id.* In *English v. Standard Optical,* 814 P.2d 613, 618–19 (Utah App.1991), we overcame any trepidation that may have been present about declining to reach an issue and made clear that when an appellant's argument contains no citations to the record and no legal authority, and as such does not comply with briefing rules, we would decline to reach those issues.[1]

The trial court's denial of defendant's motion to suppress is affirmed.

RUSSON, J., concurs.

ORME, Judge (concurring):

I concur in the court's opinion. I write separately because this is a criminal case, and I believe in such cases we should be somewhat less fastidious in insisting upon compliance with technical requirements as a condition to reaching the merits. I would not be comfortable denying a criminal defendant any meaningful exercise of her constitutional right to an appeal merely because of superficial deficiencies in the brief prepared by her attorney.

That point having been made, I hasten to add this is not such an instance. I found it impossible to glean from her brief what appellant's basic contentions are on appeal. Insofar as it is true that her complaint is about the legality of certain searches, where she takes no issue with the court's findings (something she could not, as a practical matter, do without a transcript) there is little we can do. If the findings were inadequate, we would remand for adequate findings. *See, e.g., State v. Lovegren,* 798 P.2d 767, 771 (Utah App.1990). If the findings supported only a legal conclusion that the searches, or one of them, was illegal, we would reverse. *See, e.g., State v. Elder,* 815 P.2d 1341 (Utah App. 1991). Neither scenario seems present here and nothing in appellant's brief serves to convince me otherwise.

One other point merits comment. The problems attending an inadequate brief can sometimes be ameliorated with a helpful presentation at oral argument. *See, e.g., Demetropoulos v. Vreeken,* 754 P.2d 960, 962 n. 6 (Utah App.1988), *cert. denied, Rone v. Demetropoulos,* 765 P.2d 1278 (Utah 1988). In this case, under circumstances which inspire little confidence, we had the benefit of oral argument only by counsel for the State. As counsel's cavalier attitude concerning this court's calendaring requirements is not unique, I want to take the occasion to point up the argument protocol the judges of this court expect. The protocol is premised on the notion that appellate argument is a rather significant event in the life of an attorney.

Upon receipt of notice of argument, counsel should immediately check his or her calendar. Existing conflicts should ordinarily give way to the scheduled argument. Attendance at the Court of Appeals is a sufficient excuse for changing most depositions and meetings. A narrow range of existing conflicts may warrant a change of time for the appellate argument as scheduled, at least if a partner or associate can not capably make the argument. A

---

**1.** *See also* Utah R.App.P. 24(a)(9) ("The argument shall contain the contentions and reasons of the appellant with respect to the issues presented, with citations to the authorities, statutes, and parts of the record relied on."); *State v. Day,* 815 P.2d 1345, 1352 (Utah App.1991); *Christensen v. Munns,* 812 P.2d 69, 72–73 (Utah App.1991); *Koulis v. Standard Oil Co. of Cal.,* 746 P.2d 1182, 1184–85 (Utah App.1987).

first place trial setting in a case that will not be settled, a long-planned vacation where non-refundable arrangements have been made, and scheduled medical or surgical procedures may be examples. However, to minimize disruption for opposing counsel as well as the court, a motion requesting a continuance and setting forth the problem in some detail should be filed within a few days of receipt of the notice— not within a few days prior to argument. Once argument has been set, one simply does not permit inconsistent obligations to come into existence thereafter. There are few reasons for avoiding the setting of depositions, trials, or hearings better than "I am scheduled at the Court of Appeals that morning."

Unless a well-supported motion to continue has been filed within a few days of receipt of our notice of argument, or argument is formally waived, we simply expect counsel to appear as scheduled unless an actual emergency, not reasonably to have been anticipated, arises and is brought to our attention as promptly as possible. If argument has not been previously waived as a matter of informed judgment, we assume the case merits argument, in which event it is simply unprofessional to just be a "no-show" even if a legitimate emergency has arisen.