STATE of Utah, Plaintiff and Appellee,

v.

Derk PRICE, Defendant and Appellant.

No. 910228–CA.

Court of Appeals of Utah.

Feb. 11, 1992.

Robert M. McRae, Vernal, for defendant and appellant.

R. Paul Van Dam and Kris C. Leonard, Salt Lake City, for plaintiff and appellee.

Before BILLINGS, Associate P.J., and BENCH and RUSSON, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

Defendant Derk Price appeals from judgments entered on no contest pleas to charges of possession of methamphetamine (speed), possession of marijuana, fishing without a license, and using an unlawful method of fishing. Defendant pled no contest to these charges, conditioned upon his ability to appeal the trial court's denial of his two motions to suppress evidence. We affirm.

## FACTS

On June 17, 1990, defendant was fishing on the Green River near Vernal, Utah, in the company of family and friends. A conservation officer, using a telescope, observed defendant fishing with more than one pole and smoking a small pipe, which the officer identified as the kind normally used to smoke marijuana. When the officer approached the group, he noticed a metallic pipe and a cigarette lighter under the lawn chair in which defendant had been sitting. The officer asked defendant for the pipe and his driving and fishing licenses. Defendant gave the officer the pipe and his driver's license but said his fishing license was at home.

The officer explained to defendant that he had seen him smoking marijuana, believed he had more, and asked defendant where it was. Defendant replied that he

kept the marijuana in a cellophane wrapper in his truck but that he thought it was all gone. At the officer's request, defendant accompanied the officer to defendant's truck where defendant took an empty wrapper from the ashtray and showed it to the officer.

Defendant and the officer returned to the fishing site, and the officer located a syringe containing reddish-brown liquid near defendant's lawn chair. The officer checked fishing licenses and issued a citation for fishing with more than one pole to a member of defendant's group.[1]

After completing his investigation of the group, the officer told defendant he wanted to search defendant's truck for drugs. Defendant admits he consented to the search but claims he agreed to the search only because he understood his truck would be impounded if he did not agree. The officer claimed defendant's only voiced concern about the search was the presence of defendant's children, and the children were removed prior to the search. Furthermore, the officer testified that the subject of impounding defendant's truck arose only after the search was completed.

Defendant and the officer proceeded alone to defendant's truck. The officer located a crumpled Marlboro cigarette package under the driver's seat. Inside the package was a broken, glass vial containing a small amount of white powder. The officer then went to the passenger side of the truck. Through the passenger window, the officer observed a small, square glass mirror and a short piece of plastic straw on the floor near the gearshift, which he identified as items used in taking drugs. After reading defendant his *Miranda* rights, the officer arrested defendant. Defendant later admitted he had smoked marijuana and used speed earlier that day.

After the trial court denied defendant's motions to suppress evidence, defendant pled no contest to: (1) possession of the controlled substance methamphetamine, a third-degree felony, in violation of Utah Code Ann. § 58–37–8(2)(a)(i) (1990); (2) possession of the controlled substance marijuana, a class B misdemeanor, also in violation of Utah Code Ann. § 58–37–8(2)(a)(i) (1990); (3) fishing without a license, a class B misdemeanor, in violation of Utah Code Ann. § 23–19–1 (1990); and (4) using an unlawful method of fishing, a class B misdemeanor, in violation of Utah Code Ann. § 23–13–3 (1990), reserving his right to appeal.

On appeal, defendant claims his motions to suppress should have been granted because: (1) he was unlawfully detained, and (2) the search of his truck was conducted without his voluntary consent. We do not reach defendant's first contention as we agree with the State that defendant did not raise the illegal detention issue in either of his motions to suppress.[2]

## INADEQUATE LEGAL ANALYSIS ON CONSENT

 Defendant claims he did not voluntarily consent to the officer's search of his truck but was coerced by the officer's statement that he would impound the truck. The State, as a threshold matter, contends we should not reach this issue

---

1. Neither the record nor the suppression hearing transcript mentions what specific citations the officer issued to defendant or exactly when they were issued.

2. In *State v. Archambeau*, 820 P.2d 920 (Utah App.1991), this court recognized the general rule that a defendant who fails to raise a question before the trial court is barred from asserting it for the first time on appeal. *See id.* at 922; *see also State v. Carter*, 707 P.2d 656, 660 (Utah 1985) ("where a defendant fails to assert a particular ground for suppressing unlawfully obtained evidence in the trial court, an appellate court will not consider that ground on appeal");

*State v. Webb*, 790 P.2d 65, 77 (Utah App.1990) ("As the Utah appellate courts have reiterated many times, we generally will not consider an issue, even a constitutional one, which the appellant raises on appeal for the first time.").

We will entertain an issue presented for the first time on appeal only under "exceptional circumstances" or if the trial court committed "plain error," the "two limited but well-established exceptions to this general rule." *Archambeau*, 820 P.2d at 922. This case presents neither exceptional circumstances nor plain error. We, therefore, decline to address this issue for the first time on appeal.

because of defendant's failure to comply with Rule 24 of the Utah Rules of Appellate Procedure. Alternatively, the State asserts that ample evidence supports the trial court's determination that defendant voluntarily consented to the search.

We agree with the State that defendant has not complied with Rule 24. Therefore, we do not consider his claim that, because he did not voluntarily consent to the search of his truck, his motion to suppress should have been granted. Defendant failed to develop his claim either before the trial court [3] or in his appellate brief.

Defendant's brief on appeal does not support defendant's contentions with citations to the record and is devoid of legal analysis on the issue of voluntary consent. Utah's appellate courts have voiced their frustration with briefs which fail to comply with Rule 24.

We have routinely refused to consider arguments which do not include a statement of the facts properly supported by citations to the record.[4]

Utah courts have also declined to reach the merits of an issue on appeal due to inadequate legal analysis. In *State v. Day,* 815 P.2d 1345 (Utah App.1991), the defendant asserted, among many arguments, that he was denied due process of law because of the inadequacy of his trial counsel. Although he listed several errors his counsel allegedly committed, he neglected "to establish any of these arguments in the record or by legal authority." *Id.* at 1351. We determined that this failure rendered the defendant's argument and analysis meaningless. Therefore, we refused "to address this issue and assume[d] the correctness of the trial court's judgment." *Id.*[5]

---

**3.** In proceedings before the trial court, defendant filed two "Motions to Suppress," dated January 3, 1991 and January 4, 1991. Because neither motion was accompanied by a memorandum of points and authorities, the State was prompted to file a "Motion for Specificity," dated January 7, 1991. Finally, when pressured to explain his motions, defendant responded with a "Memorandum in Response to Motion for Specificity," dated January 9, 1991. However, defendant still failed to cite any legal authority or provide any analysis in this memorandum. Instead, he recited a laundry list of search and seizure principles, arguing only "the officer searched Defendant's truck without Defendant's consent and without a search warrant or the presence of any exigent evidence that would justify the search of a parked vehicle."

The trial court held a suppression hearing for both of defendant's motions on January 11, 1991. Before commencing the hearing, the trial court gave defense counsel an opportunity to make an opening statement to focus the hearing on the relevant issues. Defense counsel declined. During the hearing, defense counsel questioned defendant and other witnesses about the facts leading to defendant's arrest but presented no legal argument. At the close of the hearing, the trial judge took the matter under advisement, giving both parties an opportunity to file further briefs addressing defendant's motions to suppress. However, despite the court's request for further briefing and a fourteen-page "Memorandum of Points and Authorities" filed by the State on January 24, 1991, defendant declined to submit any response. Rather, defense counsel wrote a letter to the trial judge, dated January 29, 1991, stating that it was impossible to reply to the State's memorandum because it "contains so many misstate-

ments of fact." The trial judge filed his ruling denying both of defendant's motions on February 28, 1991 without benefit of further input from defendant.

**4.** *See, e.g., Trees v. Lewis,* 738 P.2d 612, 612–13 (Utah 1987) (court dismisses appeal because appellant "has not supported the facts set forth in his brief with citations to the record" as required by the Utah Rules of Appellate Procedure); *State v. Garza,* 820 P.2d 937, 939 (Utah App.1991) (court refuses to reach an issue because defendant "failed to include a statement of facts in her brief, as required by Rule 24(a)(7)"); *Koulis v. Standard Oil Co. of California,* 746 P.2d 1182, 1184 (Utah App.1987) ("If a party fails to make a concise statement of the facts and citation of the pages in the record where those facts are supported, the court will assume the correctness of the judgment below.").

**5.** *See also State v. Amicone,* 689 P.2d 1341, 1344 (Utah 1984) (court declines to rule on issue of separation of powers in Utah Constitution because "defendant fails to support this argument by any legal authority or authority"); *Garza,* 820 P.2d at 939 ("when an appellant's argument contains no citations to the record and no legal authority," court declines to reach the issues); *West Valley City v. Majestic Inv. Co.,* 818 P.2d 1311, 1313 n. 1 (Utah App.1991) ("We remind counsel that it is our prerogative to affirm the lower court decision solely on the basis of failure to comply with the Utah Rules of Appellate Procedure."); *English v. Standard Optical Co.,* 814 P.2d 613, 618–19 (Utah App.1991) (because "the assertive analysis is not meaningful" and "fails to comply with our appellate rules which

**250**

We find defendant's brief clearly deficient under the provisions of Rule 24. The brief fails to set forth a coherent statement of issues and the appropriate standard of review for each issue with supporting authority. The "issues" which are listed do not correlate with the substance of the brief. Defendant's statement of the case not only omits reference to the course of proceedings and disposition in the trial court, but fails to provide a statement of the relevant facts properly documented by citations to the record. Defendant's "argument" does not identify any error by the trial court, refer to the facts or the record, or cite applicable authority, much less provide any meaningful factual or legal analysis.

 Although "[w]e concede that not every brief filed is in strict compliance with our rules," we do expect defendant's brief to intelligibly present the issues on appeal. *Demetropoulos v. Vreeken,* 754 P.2d 960, 962 (Utah App.), *cert. denied sub nom. Rone v. Demetropoulos,* 765 P.2d 1278 (Utah 1988). Defendant's brief does not enable us to locate errors in the record or demonstrate "under applicable authorities"

require the brief of the appellant to contain an argument," court declines to address issue and "assume[s] the correctness of the judgment below"); *State v. Sterger,* 808 P.2d 122, 125 n. 2 (Utah App.1991) ("Because defendant fails to cite support or provide any meaningful analysis as to [arguments concerning the search of a vehicle], we decline to rule on them.").

**6.** Even if we reached the issue of voluntary consent, we would find no problem. A search conducted pursuant to voluntary consent is a well-established exception to the warrant requirement of the fourth amendment to the federal constitution. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 2043–44, 36 L.Ed.2d 854 (1973).

Testimony at the suppression hearing conflicted concerning defendant's consent to the search. Because defendant was confused about when the searches took place, his testimony was unclear. However, the officer clearly testified he never told defendant he had to agree to the search or his truck would be impounded. The officer testified that defendant only stated he did not want his children present during the search. In response to this concern, the officer allowed defendant's wife to take the children to the riverbank during the search. Furthermore,

why the errors necessitate reversal. *Id.,* 754 P.2d at 962. Therefore, we affirm the trial court's denial of defendant's motions to suppress.[6]

BENCH and RUSSON, JJ., concur.

the officer testified that the possible impounding of defendant's truck was mentioned only after the vehicle had been searched and, thus, could not have been used to obtain defendant's consent.

After the suppression hearing, the trial court ruled, in pertinent part:

The court finds that the Defendant consented to the search. . . . As to the consent issue, the court [finds] that in a non-custodial setting, the defendant voluntarily responded to questions about the presence of controlled substances or at least wrappers in the vehicle, and showed the officer where such items were located. The officer saw and seized other items in addition to those indicated by the defendant. The defendant was asked if the vehicle could be searched and gave his consent, asking only that the children not observe the search. Defendant's consent was never rescinded.

We defer to the trial judge's determination "[b]ecause of the trial court's position of advantage to observe witnesses' demeanor and other factors bearing on credibility." *State v. Ashe,* 745 P.2d 1255, 1258 (Utah 1987). Defendant's testimony was unclear at best. The officer testified defendant voluntarily consented to the search. The court was free to accept the officer's version of the search.