**STATE of Utah, Plaintiff and Appellee,**

v.

**Don Gerard YATES, Defendant and Appellant.**

**STATE of Utah, Plaintiff and Appellee,**

v.

**Donovan YATES, Defendant and Appellant.**

No. 910373–CA.

Court of Appeals of Utah.

June 18, 1992.

Jackson Howard, Kevin J. Sutterfield, Leslie W. Slaugh, Provo, for defendant and appellant.

Dexter L. Anderson, Fillmore, for plaintiff and appellee.

Before GREENWOOD, JACKSON and RUSSON, JJ.

## OPINION

JACKSON, Judge:

Defendants Don Gerard Yates (Gerard Yates) and Donovan Yates appeal convictions of fifteen violations of the Wildlife Resources Code of Utah,[1] and the forfeiture of Gerard Yates's vehicle. We affirm.

## BACKGROUND

On January 25, 1991, officers of the State of Utah Division of Wildlife Resources, acting on a tip, located several bobcat traps in a remote area of Millard County, Utah. Four of the traps had live bobcats trapped in them. The officers set up a stakeout beginning January 25 and continuing until February 1, when defendants came to check the traps.

The season for bobcat hunting ended on January 30. On February 1, the officers observed a small pickup truck entering the area where the traps were located. A few moments later, they heard two gun shots. When the officers approached the truck, Gerard Yates was in the bed of the truck skinning a bobcat. Donovan Yates approached the truck carrying a second bobcat and a loaded .22 caliber pistol. He advised the officers he had dropped two additional bobcats a short distance away. None of the bobcats was tagged.[2] The officers arrested both men and transported them to the Millard County Sheriff's office.

Another officer drove Donovan Yates's truck. A later inventory search of the truck revealed six possession tags in the glove compartment. The tags were registered to Donovan Yates's son and wife. Neither Donovan nor Gerard Yates was in possession of tags registered to themselves.

The next day the officers returned to the area and pulled six of seven traps. Four of the traps were not marked[3] and three traps were marked with the trapping number assigned to Donovan Yates. The officers testified that none of the traps they observed during the seven-day stakeout was checked by anyone during that time.[4]

Both defendants were tried without a jury on May 3, 1991. Donovan Yates was found guilty of four counts of unlawful possession of protected wildlife, four counts of unlawful trapping method and seven counts of failure to check his traps in the prescribed period, class B misdemeanors, in violation of Utah Code Ann. § 23–20–4 (1991) and the 1990–91 Furbearers Proclamation. Gerard Yates was found guilty of four counts of unlawful possession of protected wildlife, a class B misdemeanor, in violation of Utah Code Ann. § 23–20–4 (1991) and the 1990–91 Furbearers Proclamation. The trial court reserved judgment on the forfeiture of Donovan Yates's truck and a separate hearing was held on June 28, 1991.

After hearing argument of both counsel regarding the forfeiture of Donovan Yates's truck, the trial court made specific findings regarding the forfeiture and concluded as a matter of law that the truck

---

1. The Wildlife Resources Code allows the Utah Wildlife Board to set the procedures, standards, requirements and limits for taking, possessing, selling and disposing of furbearers. *See* Utah Code Ann. §§ 23–14–18(6) and 23–14–19 (1991). The Furbearers Proclamation is the document containing the current procedures applicable to furbearer hunting and trapping.

2. Trappers are required to tag bobcats before they are transported from the trap site. Possession of untagged carcasses is prima facie evidence of unlawful taking and possession. Furbearers Proclamation R608–11–3(A)(3) (1990–91).

3. The Division of Wildlife Resources issues every trapper in the state a trapping number which must be on the trap or attached legibly so that an officer will be able to identify who is trapping in a particular area. Furbearers Proclamation R608–11–3 (1990–91).

4. The Furbearers Proclamation requires that trappers check their traps at least every forty-eight hours: "ALL TRAPS MUST BE VISITED and checked at least ONCE EVERY 48 HOURS.... All animals found in traps must be killed or released immediately by the trapper." R608–11–3(C)(2) (hereinafter the "48 hour rule").

was used in the unlawful possession of protected wildlife.

Donovan Yates challenges the forfeiture of his truck as well as his convictions on all counts. Gerard Yates challenges his convictions.

## STANDARD OF REVIEW

As the issues raised on appeal challenge the trial court's legal conclusions, we afford no deference to the trial court and apply a correction of error standard. *State v. Duncan*, 812 P.2d 60, 62 (Utah App.), *cert. denied*, 826 P.2d 651 (Utah 1991).

## FORFEITURE OF VEHICLE UNDER 1991 STATUTE

■ Donovan Yates alleges that his truck was not *used* for the unlawful taking or possessing of protected wildlife, and that therefore, it is not subject to forfeiture.[5] The State claims forfeiture of the 1987 Toyota truck was appropriate in that it was used to provide transportation for Donovan Yates to check his traps, to transport a bobcat from where it was found in the first trap to a second trap site, and to provide a flat surface upon which Gerard Yates skinned the bobcat Donovan Yates had transported in the truck.

Utah Code Ann. § 23–20–1(2) (1991) provides, with our emphasis, that "[m]aterials and devices *used* for the unlawful taking or possessing of protected wildlife shall be seized, and upon a finding by the court that they were used in the unlawful taking or possessing of protected wildlife, the same must be confiscated by the court" and eventually sold or disposed of. "Take" is defined as to "hunt, pursue, harass, catch, capture, possess, angle, seine, trap, or kill any protected wildlife," Utah Code Ann. § 23–13–2(35) (1991), or to attempt any such acts. "Possession" is defined in the Wildlife Resources Code of Utah, as "actual and constructive control." Utah Code Ann. § 23–13–2(23) (1991).

In the forfeiture hearing, the trial court made the following findings: The officers observed both defendants drive to the area in a 1987 Toyota pickup truck; Donovan Yates parked the truck and walked to a trap containing a live bobcat; he shot the bobcat and carried it to the truck; Donovan Yates then drove the truck containing the bobcat to a second trap; both defendants exited the truck and Gerard Yates climbed into the bed of the truck and began skinning the bobcat; Donovan Yates proceeded to shoot and kill three live bobcats which were in traps and was returning to the truck with one of the bobcats when the officers confronted him.

Donovan Yates does not challenge the above findings, but argues that they do not constitute "use" under the statute. We disagree. The clear language of the statute allows for forfeiture of materials and devices used for a proscribed purpose: the unlawful taking or possessing of protected wildlife. Possessing protected wildlife means more than simply catching animals in a trap, as suggested by Donovan Yates. We believe that the manner in which Donovan Yates used his truck constitutes "used for the unlawful taking or possessing of protected wildlife," as intended by the statute. Accordingly, we agree with the trial court's legal conclusion and affirm the forfeiture.

## FORFEITURE OF VEHICLE UNDER 1992 AMENDMENT

Donovan Yates next raises an argument based upon a change in the law regarding forfeiture of vehicles used in illegal trapping. The Utah Legislature amended Utah Code Ann. § 23–20–1 during the regular session of the 1992 legislature. The amended statute allows forfeiture of vehicles *only* in cases where the person who was using the vehicle is guilty of a felony. Donovan and Gerard Yates were charged with class B misdemeanors. Donovan Yates asserts that because only individuals

---

**5.** Although not raised in the trial court or in his docketing statement on appeal, Yates's brief alludes to his wife having a possessory interest in the truck. It is far from clear why Yates believes he has standing to raise this issue. Any alleged interest in the truck must be raised at the trial court by the individual asserting the interest.

charged with a felony are subject to forfeiture of their belongings under the amended statute, the State incorrectly subjected his truck to forfeiture.

Statutory changes which affect substantive, as opposed to procedural rights, are not applied retroactively. *In re Estate of Higley*, 810 P.2d 436, 438 (Utah App.1991) (mere procedural changes in legislation allowed retroactive application of amendment); *Thronson v. Thronson*, 810 P.2d 428, 432 (Utah App.1991) (amendment to statute was substantive and not merely procedural so no retroactive application). "Every amendment not expressly characterized as a clarification carries the rebuttable presumption that it is intended to change existing legal rights and liabilities." *State v. Amador*, 804 P.2d 1233, 1234 (Utah App.1990) (citations omitted). In this case, the statutory amendment alters the group of individuals whose property is subject to forfeiture as a penalty for committing a criminal offense. This change is substantive in that it affects substantial rights. Accordingly, we do not apply the 1992 amendment to the facts of this case.

## NONCOMPLIANCE WITH APPELLATE RULES

Donovan Yates argues that because the 48 hour rule has not been legally adopted and because it is discretionarily imposed, he should not have been convicted of failing to check his traps. The State urges us not to reach this issue as Donovan Yates has failed to comply with Rule 24 of the Utah Rules of Appellate Procedure.[6] We agree.

Rule 24(a)(9) states: "The argument shall contain the contentions and reasons of the appellant with respect to the issues presented, with citations to the authorities, statutes, and parts of the record relied on." This court has routinely declined to consider arguments which are not adequately briefed on appeal. *See State v. Price*, 827 P.2d 247, 248 (Utah App.1992); *State v.*

*Day*, 815 P.2d 1345, 1351 (Utah App.1991); *Christensen v. Munns*, 812 P.2d 69, 72–73 (Utah App.1991); *Koulis v. Standard Oil Co.*, 746 P.2d 1182, 1184–85 (Utah App. 1987).

Donovan and Gerard Yates' brief fails to set forth a coherent statement of issues or standard of review for each issue. As in *Price*, "The 'issues' which are listed do not correlate with the substance of the brief." *Price*, 827 P.2d at 250. Further, the brief contains no authority and provides no meaningful analysis as to this argument. It is impossible for us to discern what Donovan and Gerard Yates allege as error, what prejudice or harm they claim to have suffered, and what remedy they seek from this court. Accordingly, we affirm Donovan Yates's convictions of violating the 48 hour rule.[7]

## CONCLUSION

We affirm the convictions of Donovan and Gerard Yates, and affirm the trial court's conclusion that the truck in question was used in the commission of the crimes charged.

GREENWOOD and RUSSON, JJ., concur.

---

6. Counsel who submitted appellants' brief subsequently withdrew prior to oral argument.

7. We have reviewed the other issues raised and find them to be without merit.