**STATE of Utah, Plaintiff and Appellee,**

v.

**Jason W. JENNINGS, Defendant and Appellant.**

No. 930604–CA.

Court of Appeals of Utah.

May 16, 1994.

---

Kelly B. Miles and Robert Froerer (argued), Public Defender Ass'n of Weber County, Ogden, for appellant.

Jan Graham, State Atty. Gen., and Kenneth A. Bronston, Asst. Atty. Gen. (argued), Salt Lake City, for appellee.

Before BENCH, BILLINGS and GREENWOOD, JJ.

GREENWOOD, Judge:

Defendant Jason Jennings appeals from his conviction of criminal solicitation to commit murder, in violation of Utah Code Ann. § 76-4-203 (Supp.1992), and attempted rape of a child, in violation of Utah Code Ann. §§ 76-5-402.1 and 76-4-101 (1990). Defendant argues that the trial court erred in not permitting him to withdraw his plea of no contest to the two charges of which he was convicted.[1] We affirm.

## FACTS

Defendant was originally charged with three counts of rape of a child, first degree felonies, in violation of Utah Code Ann. § 76-5-402.1 (1990). While awaiting trial, defendant was incarcerated in the maximum security area of Weber County Jail. On approximately November 24, 1992, defendant wrote a letter in which he apparently requested that the recipients of the letter kill[2] the three children who were scheduled to testify

---

1. Defendant also claimed on appeal that the trial court erred by not suppressing certain evidence forming the basis of his conviction for solicitation to commit murder. During oral argument, defendant withdrew this claim, recognizing the

   commonlaw rule that a voluntary guilty plea is a waiver of the right to appeal all nonjurisdictional issues, including alleged pre-plea constitutional violations....

   In Utah, this general rule regarding forfeiture of appellate review of an adverse ruling on a pre-plea motion to suppress applies with equal force to a defendant who enters an unconditional no contest plea, which "if accepted by the court shall have the same effect as a plea of guilty...."

   State v. Sery, 758 P.2d 935, 938 (Utah App.1988) (citations omitted) (quoting Utah Code Ann. § 77-13-2(3) (1982)).
   The exception to this rule is in the case of a plea "entered by the defendant with the consent of the prosecution and accepted by the trial judge [which] specifically preserves the suppression issue for appeal and allows withdrawal of the plea if defendant's arguments in favor of suppression are accepted by the appellate court." Id. This exception is not present in the case at bar.

2. The letter clearly requests that the recipients "kill" the three children, but defendant claims that his use of this term differs from the ordinary usage and that he was merely venting his frustration.

against him. Defendant then sealed the letter and left it for collection. The corrections officer on duty, Lonnie Eskelson, gathered defendant's letter along with all the other letters from the cellblock, and took them to the control room for inspection. It was Eskelson's practice to check all letters for contraband and to quickly scan the contents of the letters for threats to the security of the facility. As a result, defendant's letter was confiscated and defendant was subsequently charged with three counts of criminal solicitation to commit murder.

Defendant filed a motion to suppress the letter, arguing that Eskelson's practice of reading all outgoing mail violated his first and fourth amendment rights. The trial court denied this motion on the grounds that the procedure followed by Eskelson was constitutionally reasonable.

On March 16, 1993, following a lengthy and detailed colloquy with the court, defendant entered pleas of no contest to one count of attempted rape and one count of criminal solicitation to commit murder. The remaining counts were dismissed. Towards the end of the colloquy, the trial court instructed defendant, "[Y]ou understand that if you plead guilty today and then later change your mind and want to have a trial, that you have to file a petition to set aside these guilty pleas within 30 days or you've lost your right to ask." Defendant responded, "Yes." The trial court asked if defendant had discussed with his attorney all aspects of his decision to enter pleas of no contest and defendant again responded affirmatively. The trial court verified this with defendant's attorney, who replied, "It is, and I feel that he is making a— the best decision available to us at this time."

Before sentencing and within thirty days of his pleas, defendant filed a motion to withdraw his no contest pleas on the grounds that: (1) at least one of the witnesses whom he had been unable to locate prior to trial was now available to testify on his behalf, (2) he did not understand the consequences of his pleas due to poor memory and comprehension abilities, and (3) it was his understanding from the colloquy with the court that he had the *right* to withdraw his pleas within thirty days.

At the hearing on defendant's motion to withdraw his no contest pleas, one of the newly located witnesses was present. Defendant's counsel represented to the court that this witness would testify on defendant's behalf on two of the three original rape charges as well as the solicitation charge. The trial court expressed its concern that defendant's motion was one more example of his continuing efforts to manipulate the judicial system. However, the trial court also stated:

> There are two sides of this that the Court is considering seriously. The first relates to, you know, the witness situation. And I guess I'll have to accept your representation, Mr. Froerer, that you felt these [three] people would not be available. And that may very well have been a factor in the negotiating process.

Finally, the trial court considered the impact of allowing withdrawal of the pleas on the alleged victims:

> While there hasn't been a specific allegation of prejudice, I think the prejudice is implicit, that you have three young ladies who are brought to a very short period of time before trial feeling that they have to come and testify, the case is negotiated and—and then some time later, some weeks later, they are called upon, once again, to go through the whole trauma again of once again preparing themselves mentally to have to go to trial.
>
> I think with reference to girls of 13 and 14, even though they—the allegations are being made that they're relatively mature physically, I'm not sure that that's a—I'm not sure that the Court would be justified in putting them through that kind of a traumatic situation.

The trial court then denied the motion, ruling that defendant had intelligently entered into the no contest pleas and upon the advice of competent counsel, and that defendant had voluntarily and knowingly waived his constitutional rights. The trial court later sentenced defendant, and this appeal followed.

On appeal, defendant challenges the trial court's refusal to permit him to withdraw his no contest pleas on three grounds: (1) defendant alleges that he entered the pleas under

the mistaken impression that he could withdraw these pleas as a matter of right, (2) defendant argues that the trial court erred by considering the impact on the child victims of permitting defendant to withdraw his no contest pleas, and (3) defendant claims that the trial court did not strictly comply with Rule 11 of the Utah Rules of Criminal Procedure by omitting to specify in the colloquy the elements of the crimes to which he pleaded no contest.[3]

## STANDARD OF REVIEW

■ A plea of no contest may be withdrawn "only upon good cause shown and with leave of the court." Utah Code Ann. § 77–13–6(2)(a) (1990). This court will not disturb the trial court's denial of the motion to withdraw the no contest pleas unless it clearly appears that the trial court abused its discretion. *State v. Trujillo–Martinez,* 814 P.2d 596, 599 (Utah App.1991), *cert. denied,* 843 P.2d 516 (Utah 1992). The trial court has abused its discretion as a matter of law if it does not permit a defendant to withdraw a plea that was not made in strict compliance with Rule 11 of the Utah Rules of Criminal Procedure. *State v. Smith,* 812 P.2d 470, 476 (Utah App.1991), *cert. denied,* 836 P.2d 1383 (Utah 1992). "The purpose of Rule 11(5) and (7) is to assure that a plea of guilty or no contest is knowing and voluntary." *Id.* A motion to withdraw a plea made prior to sentencing should generally be liberally granted, provided good cause is shown. *State v. Gallegos,* 738 P.2d 1040, 1042 (Utah 1987); *State v. Thorup,* 841 P.2d 746, 747 (Utah App.1992), *cert. denied,* 853 P.2d 897 (Utah 1993).

## ANALYSIS

### Lack of Understanding

■ Defendant's argument, that he mistakenly thought that permission to withdraw a guilty plea is automatically granted provided the motion is timely, is not substantiated by the record. Defendant's statement, submitted in connection with his no contest pleas, includes the following: "I understand that I may request to withdraw a plea of guilty within 30 days of entry of the plea but if said request is not made within 30 days I forfeit this right." Further, as part of the colloquy with the trial court, the court stated: "And you understand that if you plead guilty today and then later change your mind and want to have a trial that you have to file a petition to set aside those guilty pleas within 30 days or you've lost your right *to ask.*" (Emphasis added.) Based on the record and the trial court's advantaged position to assess defendant's credibility, we cannot say the trial court abused its discretion by refusing to find that defendant had misunderstood the proceedings to an extent that would justify setting aside his pleas.

### Victim Impact

■ Defendant also argues, without elaboration, that the trial court impermissibly based its denial of his motion to withdraw the plea on the court's desire to avoid subjecting the minor victims to the trauma of a trial. Defendant, however, fails to provide any authority or analysis for this proposition in contravention of Rule 24(a)(9) of the Utah Rules of Appellate Procedure.[4] Defendant's lack of citation to legal authority is compounded by his failure to provide any analysis of his claim. For example, his assertion before the trial court that new evidence was

---

**3.** Defendant mentions two other issues in his brief's statement of issues, but entirely neglects to discuss them in the argument section of his brief. These issues are: (1) whether defendant's plea was involuntarily entered due to failure to "fully comprehend what he was doing and/or that the defendant proceeded under a misunderstanding as to the potential consequences of his pleas," and (2) whether the fact that defendant has now located witnesses previously thought to be unavailable to testify is good cause for withdrawal of defendant's no contest pleas. Because there is absolutely no legal analysis or authority stated for these issues, we decline to consider them. *State v. Amicone,* 689 P.2d 1341, 1344

(Utah 1984); *State v. Price,* 827 P.2d 247, 248–50 (Utah App.1992).

**4.** Although defendant cited no authority regarding consideration of victim impact when a motion to withdraw a plea is presented, our research revealed one relevant case. In *McClain v. State,* 742 P.2d 269 (Alaska App.1987), the appellate court affirmed denial of a motion to withdraw plea at least partially because the alleged victim of sexual abuse was a young girl who needed the matter concluded and who would be distressed if it were reset for trial. *Id.* at 271–72.

available pertaining to his guilt or innocence is not briefed on appeal, thereby foregoing any development of a possible relationship between consideration for the victims and this new evidence. *See State v. Gallegos*, 738 P.2d 1040, 1042 (Utah 1987) (new evidence relevant to defendant's guilt required setting aside plea).

An additional impediment to our consideration of this issue is the fact that it was not asserted before the trial court. Ordinarily, the failure to raise an issue before the trial court precludes its consideration on appeal, absent a claim of exceptional circumstances or plain error. *State v. Gibbons*, 740 P.2d 1309, 1311 (Utah 1987), *on subsequent appeal*, 779 P.2d 1133 (Utah 1989); *State v. Brown*, 856 P.2d 358, 359–60 (Utah App. 1993). Defendant has not asserted. exceptional circumstances or plain error on appeal. We therefore decline to consider this issue for the first time on appeal. *State v. Sepulveda*, 842 P.2d 913, 917–18 & n. 5 (Utah App.1992).

### Rule 11 Compliance

Lastly, defendant claims that the trial court did not comply with Rule 11 of the Utah Rules of Criminal Procedure and the requirements set forth in *Gibbons* for accepting pleas because the trial court allegedly failed to explain the nature and elements of the offenses to which he pleaded no contest.[5] Although defendant briefed this issue, unfortunately he failed to raise it before the trial court and does not assert either exceptional circumstances or plain error on appeal. We may not, therefore, address it on appeal.[6] *Gibbons*, 740 P.2d at 1311; *Sepulveda*, 842 P.2d at 917–18 & n. 5.

---

5. Defendant also alludes vaguely to an issue concerning whether he had a full understanding of the meaning of "consecutive" sentencing. It is difficult to determine whether defendant has even *raised* this issue and there is certainly no substantiation of the claim. Therefore, we decline to address it. *State v. Price*, 827 P.2d 247, 250 (Utah App.1992) (declining to rule on issue because "[d]efendant's brief does not enable us to locate errors in the record or demonstrate 'under applicable authorities' why the errors necessitate reversal"). However, we note that the trial court explained to defendant that consecutive sentences meant sentences that run one after the other and defendant indicated that he understood.

### CONCLUSION

Defendant has not demonstrated that he did not understand the criteria for withdrawing a no contest plea. The remaining issues that defendant asserted on appeal were either not raised before the trial court or were not properly briefed to this court. Accordingly, we affirm the trial court's decision denying defendant's petition to withdraw his no contest pleas.

BENCH and BILLINGS, JJ., concur.

---

6. We nevertheless note that our reading of the record indicates that the trial court complied with *State v. Maguire*, 830 P.2d 216 (Utah 1991), in accepting defendant's no contest pleas. The *Maguire* court stated,

> [C]ompliance [with Rule 11] ... may be demonstrated on appeal by reference to the record of the plea proceedings. When plea affidavits are properly incorporated in the record (as when the trial judge ascertains in the plea colloquy that the defendant has read, has understood, and acknowledges all the information contained therein), they may properly form a part of the basis for finding rule 11 compliance.

*Id.* at 217.