STATE of Utah, Plaintiff and Petitioner,

v.

Brian MAGUIRE, Defendant and Respondent.

No. 960493.

Supreme Court of Utah.

April 24, 1998.

Jan Graham, Attorney General, Thomas Brunker, Assistant Attorney General, James M. Cope, Salt Lake County Deputy Attorney, Salt Lake City, for plaintiff.

Brian Maguire, Draper, pro se.

Robert K. Heineman, for amicus Salt Lake Legal Defender Association, Salt Lake City.

HOWE, Chief Justice:

The court of appeals reversed a district court order denying defendant Brian Maguire's motion to correct his sentence. We then granted the State's petition for a writ of certiorari to review the court of appeals' decision that Utah Code Ann. § 76–3–405 (1995) precluded the district court from imposing a more severe sentence on Maguire after he was reconvicted following the withdrawal of his no contest plea.

## BACKGROUND

While on parole from the Utah State Prison for a prior murder conviction, Maguire assaulted his grandmother and tore off the top third of her ear. The State revoked his parole and charged him with aggravated assault, a third degree felony; mayhem, a second degree felony; and being a habitual criminal, a first degree felony. Maguire entered into a plea agreement with the prosecutor wherein he pleaded no contest to the aggravated assault charge. In exchange for this plea, the prosecutor agreed to dismiss the other two charges and recommended reducing the aggravated assault conviction from a third degree felony to a class A misdemeanor. The district court judge accepted the plea agreement and sentenced Maguire to a term of not more than one year in the Utah State Prison. This term ran concurrently with the murder sentence that

he was serving because the trial judge did not specify it as "consecutive." *See* Utah Code Ann. § 76–3–401(1).

Shortly after Maguire was sentenced, he moved to withdraw his no contest plea. The court ultimately denied his motion, but by that time, he had served his one-year sentence.[1] He appealed, and the court of appeals, in an unpublished memorandum decision, reversed the district court's order denying Maguire's motion to withdraw his plea because the district court had not strictly complied with the requirements of rule 11 of the Utah Rules of Criminal Procedure in accepting his plea. On writ of certiorari, we affirmed the court of appeals' decision. *State v. Maguire*, 830 P.2d 216 (Utah 1991) (per curiam). On remand to the district court, Maguire was finally allowed to withdraw his no contest plea.

After Maguire withdrew his plea, the State reinstated the aggravated assault, mayhem, and habitual criminal charges, and a trial date was set. During trial, the prosecutor again offered Maguire a plea bargain which he accepted. As before, Maguire agreed to plead guilty to aggravated assault in exchange for the dismissal of the mayhem and habitual criminal charges. However, this time, the prosecutor did not agree to recommend that Maguire be sentenced to a class A misdemeanor, and the district court judge sentenced him to a term not to exceed five years.[2] Furthermore, the judge expressly stated that this term was to run consecutively to the term he was already serving for his prior murder conviction.

Approximately two years after the court sentenced Maguire pursuant to his second plea, he moved to correct his sentence pursuant to Utah Code Ann. § 76–3–405 (1995).[3]

He argued that this section precluded the court from imposing a more severe sentence on him for aggravated assault than was imposed after his first plea and conviction. The district court denied this motion, and Maguire appealed.

On appeal to the court of appeals, he again argued that his second sentence was unlawful under section 76–3–405. He also argued that his second sentence violated the prohibition against double jeopardy. *See* U.S. Const. amend. V; Utah Const. art. I, § 12; Utah Code Ann. § 77–1–6(2)(a). The court of appeals agreed with Maguire's argument under section 76–3–405 and reversed his second sentence. *See State v. Maguire*, 924 P.2d 904, 906–07 (Utah Ct.App.1996). Because the court based its decision on section 76–3–405, it did not reach Maguire's double jeopardy arguments. We then granted the State's petition for writ of certiorari to review the court of appeals' decision. *See State v. Maguire*, 931 P.2d 146 (Utah 1997).

## ANALYSIS

■ The narrow issue presented by this case is whether section 76–3–405 prohibited the district court from imposing a more severe sentence on Maguire for aggravated assault after he prevailed on appeal and was allowed to withdraw his first plea. That section provides:

> *Where a conviction or sentence has been set aside on direct review or on collateral attack,* the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied.

---

1. On April 21, 1988, the trial court sentenced him to one year in prison with thirty days credit for time already served. The trial court did not deny his motion to withdraw his plea until December 1, 1989. Therefore, Maguire had fully completed his sentence at the time of the court's ruling.

2. The court sentenced Maguire on November 30, 1992, and gave him credit for the time already served since April 21, 1988. The sentence imposed by the trial court was in accord with the indeterminate term prescribed by statute for a

third degree felony. *See* Utah Code Ann. § 76–3–203(3).

3. Section 76–3–405 was amended in 1997 making it inapplicable to cases where a defendant enters into a plea agreement and then later successfully moves to withdraw his plea. However, because Maguire's second sentence was imposed before the 1997 amendment, we must rely on the pre-amended version of the statute to decide this case. Therefore, all further references to section 76–3–405 are to the 1995 version unless stated otherwise.

Utah Code Ann. § 76–3–405 (emphasis added). The court of appeals determined that the plain language of this statute precluded Maguire's second sentence. *See Maguire*, 924 P.2d at 907. '

While we agree that the language of section 76–3–405 is plain, the fundamental question that we must answer in this case is whether Maguire's conviction was actually "*set aside* on direct review or collateral attack." We hold that it was not.

The court of appeals overlooked the fact that Maguire simply appealed from the district court's order denying his motion to withdraw his no contest plea; he did not actually attack his conviction. This distinction is important because in *State v. Powell*, 957 P.2d 595 (Utah 1998), a case also decided today, we held that

> [w]hen an order denying a motion to withdraw a plea is reversed on appeal, the appellate court does not "set aside" the conviction. Rather, the appellate court merely overturns the trial court's order and then remands the case to allow the defendant to withdraw his plea if he still desires to do so.

957 P.2d at 596. Therefore, Maguire's conviction was not actually "set aside" on appeal.

Nevertheless, we note that the court of appeals stated in its unpublished memorandum decision that "*we vacate defendant's conviction* and remand to the trial court to allow defendant to withdraw his no contest plea." *State v. Maguire*, No. 900045, slip op. 1, 3 (Utah Ct.App. Nov. 16, 1990) (mem.) (emphasis added). In our view, the highlighted portion of this statement is neither correct nor tenable. First, it is incorrect because, as stated above, a defendant's conviction is not actually "set aside" when the appellate court merely reverses the trial court's denial of a motion to withdraw a plea. Rather, defendant sets aside his own conviction by withdrawing his plea on remand. Second, it is untenable because there would have been no reason to remand the case for

the purpose of allowing him to withdraw his plea if Maguire's conviction was actually vacated by the court on appeal. His conviction would have already been vacated and the only reason for remand would be to conduct a trial. For these reasons, we conclude that, in actuality, the court of appeals merely reversed the trial court's order denying Maguire's motion and then remanded the case to allow him to withdraw his plea.[4] Thus Maguire's conviction was "set aside" on remand, not on appeal. Accordingly, we hold that section 76–3–405 did not preclude the district court from imposing a more severe sentence on Maguire after he withdrew his first no contest plea and then entered a second plea to the same offense.

As explained further in *Powell*, our decision today is consistent with the purposes of section 76–3–405. It is also in accord with the plain language of that statute as demonstrated above. And finally, it advances public policy by preventing a defendant from retaining the benefits of a plea bargain while rescinding his part of the agreement.

■ In addition to the foregoing, Maguire also argues that we must reverse his second sentence because it violates the guarantee against double jeopardy. However, this issue is outside the scope of our review on a writ of certiorari. In granting the State's petition for certiorari, we only agreed to review the court of appeals' decision applying section 76–3–405 to preclude Maguire's second sentence. The court of appeals did not reach the double jeopardy issue, and therefore, neither can we. *See* Utah R.App.P. 49(a)(4) (stating that supreme court will only consider those issues that are fairly included in the petition for writ of certiorari). Hence, the proper procedure is for us to reverse the court of appeals' decision and remand this case to that court for consideration of the double jeopardy issue.

## CONCLUSION

For the reasons stated above and in our decision in *Powell*, we conclude that the court

---

4. We also note that in affirming the opinion of the court of appeals, we likewise stated, "The decision of the court of appeals vacating defendant's conviction and remanding the case for a withdrawal of plea is affirmed." *Maguire*, 830 P.2d at 217. For the reasons stated above, the foregoing statement by this court is also incorrect. Maguire's conviction was not actually vacated until he withdrew his plea on remand to the trial court.

of appeals erred in holding that section 76–3–405 precluded the district court from imposing a more severe sentence on Maguire after he prevailed on appeal and was allowed to withdraw his first plea. Moreover, we hold that Maguire's double jeopardy arguments are not properly before us. Therefore, we reverse the court of appeals' decision and remand this case to that court to decide whether double jeopardy prevented the imposition of Maguire's second sentence.

Reversed and remanded.

STEWART, ZIMMERMAN and RUSSON, JJ., concur in Chief Justice HOWE's opinion.

DURHAM, Associate Chief Justice, dissenting:

I respectfully dissent. While I agree with the majority that this case is one of statutory construction, I would hold, as the court of appeals did, that Maguire's second sentence violated the plain language of section 76–3–405.

Section 76–3–405 states:

> Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied.

Utah Code Ann. § 76–3–405 (1995). Maguire entered his first plea agreement with the state wherein he was convicted of aggravated assault and sentenced to one year in the Utah state prison. When Maguire decided to withdraw his plea he was eventually empowered to do so by this court after "direct review." *State v. Maguire*, 830 P.2d 216 (Utah 1992). Following Maguire's second plea he was convicted a second time for the "same offense," namely aggravated assault. However, the second time around Maguire was sentenced to a term much harsher than his first plea sentence. This outcome directly contravenes the statutory prohibition: "Where a conviction or sentence has been set aside on direct review ..., the court shall not impose a [more severe] sentence for the

same offense...." Utah Code Ann. § 76–3–405. The language of section 76–3–405 is simple and straightforward. "[I]t is not our prerogative to rewrite that section or question the wisdom, social desirability, or public policy underlying it." *Salt Lake Child and Family Therapy Clinic v. Frederick*, 890 P.2d 1017, 1021 (Utah 1995) (citing *Utah Mfrs.' Ass'n v. Stewart*, 82 Utah 198, 204, 23 P.2d 229, 232 (1933)). That the legislature did not directly address or possibly even consider plea bargains when it originally passed section 76–3–405 in 1973 should not give us license to rewrite the statute.

Specifically, the majority holds that because Maguire sought reversal of his Motion to Withdraw Plea, his appeal was not ultimately an attack on his conviction or sentence but was merely an attack on his Motion to Withdraw Plea. The question remains, however, as to how Maguire could attack his conviction or sentence based on his plea if not through a motion to withdraw it. Maguire's Motion to Withdraw his plea constituted his *only* non-jurisdictional "attack" on the plea conviction and sentence. *See generally State v. Jennings*, 875 P.2d 566, 567 n. 1 (Utah Ct.App.1994) (noting guilty plea waives all non-jurisdictional pre-plea claims); *see also Salazar v. Warden*, 852 P.2d 988, 991 (Utah 1993); *State v. Gallegos*, 738 P.2d 1040, 1041–42 (Utah 1987); *State v. Kay*, 717 P.2d 1294, 1299 (Utah 1986). The majority's distinction between an attack on a plea and one on a conviction is unconvincing. Maguire's only means of attacking the conviction was precisely an attack on the plea. *See Jennings*, 875 P.2d at 567 n. 1.

Accordingly, we should refuse the state's invitation to circumvent the plain meaning of this statute. Section 76–3–405 states quite plainly that an individual cannot be subjected to a harsher sentence once he has successfully appealed a conviction. Maguire successfully challenged the trial court's denial of his motion to withdraw his plea, and as a consequence his conviction was set aside. Maguire was thereafter sentenced to a more severe term in direct contravention of section 76–3–405. I would affirm.