**Joseph M. WISDEN and Don H. Wisden, Plaintiffs,**

v.

**The DISTRICT COURT OF SEVIER COUNTY, State of Utah, Defendant.**

**No. 20331.**

Supreme Court of Utah.

Dec. 6, 1984.

Marcus Taylor, Richfield, for plaintiffs.

D. Michael Jorgensen, Salina, for defendant.

**PER CURIAM**

Plaintiff Joseph M. Wisden was convicted in the Justice Court of Salina City, Sevier County, of five Class B misdemeanors. Joseph was sentenced to six months in the county jail on each of the first two counts, which sentence was stayed upon his serving 14 days in the county jail on these counts, and he was placed on probation for 30 days. Joseph was fined a total of $678.

Plaintiff Don H. Wisden was convicted of one Class B misdemeanor arising out of the same incident as that of his brother and was sentenced to six months in the county jail, with a minimum of seven days of service. He was fined $299.

Plaintiffs appealed their respective convictions to the district court of Sevier County and were provided trials de novo in that court.[1] Both were again convicted of the same offenses. The district court, however, sentenced Joseph M. Wisden to six months in the county jail on each of the five counts, three of which are to run consecutively; the other to run concurrently. Don H. Wisden was sentenced to serve six months in the county jail.

Plaintiffs seek extraordinary relief in this Court pursuant to Rule 65B, Utah R.Civ.P. Specifically, they seek an order compelling the district court to vacate its sentences and to resentence plaintiffs no more severely than the sentence imposed previously by the justice of the peace. Plaintiffs also pray for an order releasing them from incarceration pending adjudication of this matter.

---

1. Pursuant to Utah R.Crim.P. 26(k)(1).

U.C.A., 1953, § 76–3–405 provides that the sentence imposed after retrial shall not be more severe than the original sentence when the first conviction is set aside on direct or collateral attack. In *State v. Sorensen*, Utah, 639 P.2d 179 (1981), we interpreted this statute to mean that no new element of sentence can be added on retrial; that no element may be augmented, and that the statute precludes justifying an increase in one element of sentence by elimination of another. As the time commitment in plaintiffs' sentences was increased by the district court, though the fines were eliminated, the district court sentences were contrary to section 76–3–405 and were invalid as impairing plaintiffs' constitutional rights to appeal. *See State v. Sorensen, supra; Chess v. Smith*, Utah, 617 P.2d 341 (1980).

Because a justice of the peace court in this state is not a court of record, an appeal from that court is by way of a trial de novo in the district court, rather than a review of the justice's rulings. The district court judge, sitting as a trial judge, may have reasoned that section 76–3–405 did not apply, since the first conviction was not "set aside on direct review or on collateral attack." [2]

Our rule is not confined to the statutory limitation, however. In *State v. Sorensen, supra*, this Court followed due process requirements enunciated in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), in ruling that a defendant should be freed of the apprehension of a more severe sentence as a retaliation for exercising his right of appeal. In *Chess v. Smith, supra*, we held that a person's decision to avail himself of the right to appeal guaranteed under art. VIII, sec. 9 of the Utah Constitution may not be impaired by making it conditional on taking the risk of a harsher sentence after the second trial. Plaintiffs are guaranteed the right to appeal from the justice court to the district court pursuant to art. VIII, sec. 9 of the Utah Constitution. They should not be re-quired to take the risk of a longer jail sentence in order to exercise that right.

The petition is granted. The sentences of the Sixth District Court of Sevier County are vacated, and that court is ordered to resentence plaintiffs in conformity with section 76–3–405 as construed by this Court in *State v. Sorensen, supra,* and to give plaintiffs credit for time already served in the county jail of Sevier County. No costs awarded.