2006 UT App 374

**TAYLORSVILLE CITY, Petitioner,**

v.

**The Honorable Judge Robert ADKINS, Third Judicial Court, West Jordan, Respondent.**

No. 20060653–CA.

Court of Appeals of Utah.

Sept. 14, 2006.

Lorenzo K. Miller and Lohra L. Miller, South Jordan, for Petitioner.

Brent M. Johnson, Salt Lake City, for Respondent.

Before Judges DAVIS, McHUGH, and ORME.

## MEMORANDUM DECISION

PER CURIAM.

¶ 1 Taylorsville City (Taylorsville) filed this petition for extraordinary relief challenging the district court's decision that Taylorsville could not retry David Michael Garn on the charge of riot after he had been acquitted of that charge in justice court. The district court concluded that even though Garn had appealed to the district court requesting a trial de novo concerning his conviction on another charge, Taylorsville was prohibited from retrying Garn on the riot charge.

¶ 2 The underlying case originated in the Taylorsville Municipal Justice Court. Garn was charged with riot and interfering with an arrest. A jury convicted Garn of the interfering with an arrest charge but acquitted him of the riot charge. Garn then appealed to the district court, requesting a trial de novo. Although Garn never filed a formal motion to dismiss the riot charge based upon double jeopardy, he did bring the issue to the district court's attention. On the day before the trial was scheduled to begin, the district court held a hearing on the issue. The district court subsequently issued a memorandum decision concluding that, despite the fact that Garn filed the appeal for a trial de novo, double jeopardy prevented Taylorsville from retrying Garn on the riot charge. Taylorsville then filed its petition for extraordinary relief pursuant to rule 65B of the Utah Rules of Civil Procedure.

¶ 3 Taylorsville correctly states that no direct appeal to this court is available because the district court did not rule on the constitutionality of a statute or ordinance. *See* Utah Code Ann. § 78–5–120(7) (2002) ("The decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance."). Accordingly, Taylorsville asserts that it has no plain, speedy, or adequate remedy to obtain review of the district court's decision prohibiting it from reprosecuting Garn on the riot charge. Under the circumstances, "pursuit of an extraordinary writ is procedurally correct." *Dean v. Henriod*, 1999 UT App 50, ¶ 8, 975 P.2d 946 (quotations and citation omitted).

¶ 4 Taylorsville first argues that the district court erred when it failed to conclude that Garn waived any double jeopardy defense by not properly raising it five days before trial was set to begin. *See* Utah R.Crim. P. 12(c) (generally requiring defendant to file motion on double jeopardy five days before trial). The decision to grant a petitioner relief under rule 65B(d) is discretionary. *See State v. Barrett*, 2005 UT 88, ¶ 23, 127 P.3d 682 (stating "whether relief is ultimately granted is left to the sound discretion of the court hearing the petition" even if it is determined that the district court erred).

After reviewing Taylorsville's arguments, we conclude there is no sound reason to review such a claim on a petition for extraordinary relief. This is especially true because the district court's determination of the facts and conclusion of law are deemed final and not subject to appeal unless they involve the constitutionality of a statute or ordinance. *See* Utah Code Ann. § 78–5–120(7). Thus, the waiver issue presented by Taylorsville normally would not be appealable to this court in any manner. Taylorsville has failed to adequately explain any particular circumstances that would overcome the finality of the district court's decision. Accordingly, we assert our discretion and decline to address this preliminary issue.

¶ 5 Taylorsville next argues that the district court erred in determining that double jeopardy prevented Taylorsville from retrying Garn on the riot charge of which he was acquitted in the justice court. Specifically, it argues that because Garn was the party seeking a trial de novo, double jeopardy does not bar Taylorsville from retrying Garn on the riot charge. We disagree.

¶ 6 The nature of Utah's justice court system is well defined. If a defendant is convicted of a crime in a justice court, he is entitled to a trial de novo in a district court. *See id.* § 78–5–120(1). This trial de novo is the constitutional equivalent of a district court defendant's appeal to the Utah Supreme Court or this court. *See Bernat v. Allphin*, 2005 UT 1, ¶ 25, 106 P.3d 707 ("Utah's system is best viewed as placing defendants in the same position as district court defendants appealing their sentence in the first instance...."). In fact, "a justice court defendant is, if anything, treated more favorably than a similarly situated district court defendant." *Id.* at ¶ 41. This is because not only is a justice court defendant afforded the right to appellate review of legal conclusions, but also a new opportunity to have a trier of fact review the case unfettered by prior factual findings. *See id.* Further, he is able to obtain this review without the requirement that he allege any error in the justice court proceedings. *See* Utah Code Ann. § 78–5–120.

¶ 7 Under this system, the prosecuting entity is only allowed to appeal the decision of the justice court in certain limited circumstances. *See id.* § 78-5-120(4). Taylorsville acknowledges that none of those circumstances were present in this case and, accordingly, it would have had no independent right to force Garn to be tried anew in district court. However, it argues that because Garn brought the appeal, he is the one who made the decision to have the trial anew, and Taylorsville is merely following Garn to the forum of his choice. In essence, Taylorsville argues that Garn waived any double jeopardy defense because he sought the trial de novo. As such, Taylorsville argues that it is allowed to reprosecute its entire case against Garn, including the riot charge of which he was acquitted by a jury, without violating double jeopardy considerations.

■ ¶ 8 The protections afforded by the federal Constitution's prohibition against double jeopardy are well settled. "The Double Jeopardy Clause embodies three separate protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense." *Bernat,* 2005 UT 1 at ¶ 11, 106 P.3d 707 (citing *Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 306-07, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984)). As is hereafter explained, both the United States Supreme Court and the Utah Supreme Court have concluded that successive prosecutions against a defendant acquitted of a crime in a justice court is prohibited by double jeopardy considerations. *See Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 311, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984); *Bernat,* 2005 UT 1 at ¶ 28, 106 P.3d 707.

¶ 9 In *Lydon,* the Supreme Court was presented with an argument that two-tiered justice court systems could lead to a situation in which the prosecutor might withhold evidence during the first trial in order to "hone his presentation in the second." *Lydon,* 466 U.S. at 311, 104 S.Ct. 1805. In response, the Supreme Court unequivocally stated: "The prosecution has every incentive to put forward the strongest case at the [justice court] trial, because an acquittal will preclude reprosecution of the defendant." *Id.* Significantly, the Supreme Court had every opportunity to state that an acquittal would preclude the prosecuting entity from appealing the case; instead, it stated that the state was prevented from *reprosecuting* the defendant on an acquitted charge, without regard to the circumstances.

■ ¶ 10 Further, the Supreme Court also discussed the distinction between reprosecution of a defendant after a conviction is overturned on appeal and reprosecution of a defendant after he is acquitted of a charge in the first instance. *See id.* at 308, 104 S.Ct. 1805. "Acquittals, unlike convictions, terminate the initial jeopardy. This is so whether they are 'express or implied by a conviction on a lesser included offense.'" *Id.* (citation omitted). "Thus, whether the trial is to a jury or to the bench, subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause." *Smalis v. Pennsylvania,* 476 U.S. 140, 145, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986) (citations omitted). Accordingly, contrary to the arguments of Taylorsville, retrial after the reversal of a conviction and retrial after an acquittal are by no means equivalent.[1]

■ ¶ 11 Similarly, although no Utah case has expressly analyzed the issue presented by Taylorsville, Utah case law compels the

---

1. Taylorsville relies extensively on the case of *Trono v. United States,* 199 U.S. 521, 26 S.Ct. 121, 50 L.Ed. 292 (1905), dating back to when the Philippine Islands were a United States territory. In *Trono,* a plurality of the court concluded that defendants in a Philippine court could be retried for murder in a Philippine appellate court despite being acquitted of the charges in the first instance. *See id.* at 534-35, 26 S.Ct. 121. However, subsequent cases have limited *Trono* strictly to the facts of that case because of the Philippine Island's peculiar system of jurisprudence that "was totally different from ours." *Green v. United States,* 355 U.S. 184, 197 n. 17, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). In making this conclusion, the *Green* Court specifically stated that the "waiver theory" discussed in *Trono,* and now essentially advanced by Taylorsville, was "totally unsound and indefensible." *Id.* 355 U.S. at 197, 78 S.Ct. 221.

conclusion that reprosecution of Garn under the circumstances of this case is barred by double jeopardy. For example, in *Bernat* the Utah Supreme Court expressly stated that "[t]here is no question that, in Utah, the state is prohibited from mounting successive prosecutions against a defendant who has been found not guilty in a justice court proceeding." *Bernat*, 2005 UT 1 at ¶ 28, 106 P.3d 707. Just as in *Lydon*, the court does not qualify the statement by concluding that the state is prohibited from appealing an acquittal in a justice court proceeding. Rather, it is prohibited from *reprosecuting* the defendant on the charge of which the defendant was acquitted. Thus, regardless of whether it is the state or the defendant seeking a trial de novo, the state cannot reprosecute the defendant on a charge for which he has previously been acquitted.

¶ 12 Such a result is also necessitated by *Wisden v. District Court*, 694 P.2d 605, 606 (Utah 1984) (per curiam). The *Wisden* court concluded that Utah Code section 76–3–405(1) applied to justice court defendants. *See id.* This section states: "Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based upon the same conduct which is more severe than the prior sentence...." Utah Code Ann. § 76–3–405(1) (2003). Therefore, a defendant cannot be punished more harshly by a district court after a trial de novo than he was in the justice court proceedings. *See Wisden*, 694 P.2d at 606. As a result, when a person is acquitted in justice court and receives no sentence, he cannot be punished in any subsequent proceeding on the acquitted charge.

¶ 13 In reaching its conclusion, the *Wisden* court also determined that

a person's decision to avail himself of the right to appeal guaranteed under art. VIII, sec. 9 of the Utah Constitution may not be impaired by making it conditional on taking the risk of a harsher sentence after the second trial. Plaintiffs are guaranteed the right to appeal from the justice court to the district court pursuant to art. VIII, sec. 9 of the Utah Constitution. They should not be required to take the risk of a longer jail sentence in order to exercise that right.

*Id.* The court's reasoning in *Wisden* is equally applicable here. If we were to adopt the reasoning set forth by Taylorsville, a person who was convicted of one charge in justice court, but acquitted of others, would be forced into a Hobbesian choice. On the one hand, if he chooses to appeal the conviction he would risk being convicted of charges of which he was previously acquitted. On the other hand, if he chooses not to exercise his constitutional right to appeal, he would be forced to live with a conviction that may not be just. A person's right to an appeal may not by impaired in such a way.[2]

¶ 14 Accordingly, because double jeopardy precludes the reprosecution of a defendant in a trial de novo on charges of which he was

2. Our decision in this case is supported by the decisions from other jurisdictions. For example, in *State v. Barker*, 260 Mont. 85, 858 P.2d 360 (1993), the Montana Supreme Court reviewed a defendant's argument that he could not be reprosecuted for a crime of which he was acquitted in a justice court even though he initiated the appeal because of his conviction on another charge. The State argued, much like Taylorsville argues in this case, that the district court must hold a trial de novo on all issues. The district court disagreed and dismissed the case. On appeal, the Montana Supreme Court determined that reprosecution of the acquitted charge was a violation of double jeopardy. *See id.* at 363. In making its decision, the court also rejected the State's argument that the defendant waived his protection against double jeopardy by appealing the case for a trial de novo. *See id.* at 364.

Thus, the State was forbidden from reprosecuting the defendant on a charge of which he was acquitted in justice court. *See id.; see also State v. Widmaier*, 157 N.J. 475, 724 A.2d 241, 254 (1999) (concluding that defendant's acquittal of charge in municipal court barred state's attempts to appeal the case for a trial de novo); *City of Lake Oswego v. Ritchie*, 82 Or.App. 434, 728 P.2d 882, 885 (1986) (concluding that state was prohibited from seeking trial de novo on charge the defendant was acquitted of in a circuit court); *Commonwealth v. Walczak*, 440 Pa.Super. 339, 655 A.2d 592, 596 (1995) (concluding state may not seek to retry defendant in a trial de novo after a not guilty verdict because " '[a] fact-finders verdict of not guilty is accorded absolute finality. It is completely insulated from appellate review.' " (citations omitted)).

acquitted in justice court, Taylorsville's request for extraordinary relief is denied.