2011 UT App 199

**Carlos VORHER, Petitioner,**

v.

**Honorable Stephen HENRIOD, Respondent.**

No. 20100573–CA.

Court of Appeals of Utah.

June 23, 2011.

Charles R. Stewart, Salt Lake City, for Petitioner.

M. Douglas Bayly, Tooele; and Brent M. Johnson, Salt Lake City, for Respondent.

Before Judges ORME, THORNE, and VOROS.

## OPINION

THORNE, Judge:

¶ 1 Carlos Vorher petitions for extraordinary relief pursuant to rule 65B(d) of the Utah Rules of Civil Procedure, seeking to vacate a criminal sentence imposed by the district court.[1] *See generally* Utah R. Civ. P. 65B(d) (governing the availability of extraordinary relief to remedy the wrongful use of judicial authority). Vorher was originally charged in justice court with class B misdemeanor voyeurism. Pursuant to a plea

agreement, he pleaded guilty to a lesser charge of class C misdemeanor disorderly conduct and was sentenced to ninety days in jail. Vorher then exercised his right to a trial de novo in the district court, where he was charged with and convicted of the original voyeurism charge and sentenced to 180 days in jail. Vorher argues that Utah Code section 76-3-405 prohibits the district court's sentence from exceeding the ninety-day sentence imposed by the justice court. *See generally* Utah Code Ann. § 76-3-405 (2008) (limiting the imposition of increased sentences after successful appeal). We decline to grant Vorher's petition for extraordinary relief.

## BACKGROUND

¶ 2 On March 18, 2009, at about 5:20 a.m., a witness observed a man lying on his stomach in the grass outside a residence in Tooele, Utah. The man appeared to be peering into a basement window of the residence. As the witness approached, the man got up and walked away. The witness noted the license plate number of the man's vehicle and reported the incident to police. The vehicle was registered to Vorher.

¶ 3 The investigating officer went to Vorher's house and spoke with his wife, who advised the officer that Vorher had left the house for work that morning about 6:00 a.m. Vorher's wife did not know if he had left the house any earlier. The officer also spoke with M.N., who lived in the residence where the peeping had allegedly occurred. M.N. told the officer that her teenage daughter, K.B., occupied a basement room on the side of the house where the man had been observed and that at 5:20 a.m. K.B. would have been dressing and preparing for school. The officer also met with Vorher, who invoked his right to an attorney and apparently made no statement. The officer concluded his investigation and referred the matter to the Tooele City Attorney, who subsequently filed a class B misdemeanor voyeurism charge against Vorher in Tooele County's justice court.

---

1. Tooele City filed an opposition memorandum to Vorher's petition as the real party in interest to this controversy. The named respondent, the

Honorable Steven L. Henriod, filed a notice in this court agreeing that Tooele City is in the best position to litigate Vorher's petition.

¶ 4 On December 14, 2009, Vorher pleaded guilty in justice court to a reduced charge of class C misdemeanor disorderly conduct. Although there is no formal plea agreement in the record, it appears that Vorher's guilty plea resulted from a plea bargain or agreement whereby Vorher agreed to plead guilty in exchange for a reduction in the charge against him.[2] The justice court sentenced Vorher to pay a fine and serve ninety days in jail. On December 21, Vorher reported to jail as ordered but also filed an appeal of his conviction to the district court pursuant to Utah Code section 78A–7–118. Shortly thereafter, Vorher was released from jail and the matter was transferred to district court for a trial de novo.

¶ 5 On April 23, 2010, the district court conducted a jury trial at which Vorher was convicted on the original charge of class B misdemeanor voyeurism. Vorher was placed into custody pending sentencing, which occurred on May 25. The district court sentenced Vorher to 180 days in jail with credit for forty-one days already served. At this point, the following colloquy occurred:

> [Vorher's counsel]: Your Honor, it would be our—
>
> [The district court]: He can serve—
>
> [Vorher's counsel]:—our position that because he was sentenced to 90 days that the maximum amount this Court can sentence him to is 90 days.
>
> [The district court]: Because he got a deal in the justice court and rejected it and came back up here on a B, he doesn't get the 90 days. He gets the whole 180 days.
>
> [Vorher's counsel]: I think there's contrary case law, if I can speak to that, your Honor.
>
> [The district court]: Go ahead and appeal.

The district court also assessed a fine and surcharge against Vorher. Vorher now asks this court to grant him extraordinary relief in the form of vacating the district court's sentence and remanding for a new sentence not to exceed that originally imposed by the justice court.

## ISSUE AND STANDARD OF REVIEW

¶ 6 Vorher's petition for extraordinary relief argues that, pursuant to Utah Code section 76–3–405, the district court's sentence after trial de novo cannot exceed the sentence originally imposed by the justice court. *See generally* Utah Code Ann. § 76–3–405(1) (2008) ("Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence . . . ."). Accordingly, Vorher asks this court to vacate the district court's sentence and remand the matter to the district court for entry of a new sentence that is no more harsh than Vorher's sentence in the justice court.

¶ 7 This court is granted broad discretion in reviewing a petition for extraordinary relief under rule 65B(d). *See State v. Barrett*, 2005 UT 88, ¶¶ 23–26, 127 P.3d 682. "Unlike a party filing a direct appeal, a petitioner seeking rule 65B(d) extraordinary relief has no right to receive a remedy that corrects a lower court's mishandling of a particular case." *Id.* ¶ 23. "Rather, whether relief is ultimately granted is left to the sound discretion of the court hearing the petition." *Id.* Thus, even a petitioner who can establish grounds for relief-in this case, an alleged abuse of discretion by the district court, *see* Utah R. Civ. P. 65B(d)(2)(A)-has no right to such relief and the reviewing court retains the discretion to deny the petition.[3]

---

2. In its memorandum opposing Vorher's petition, Tooele City additionally asserts that Vorher's plea agreement in the justice court included terms providing that the prosecutor would not make a sentencing recommendation regarding jail time and that Vorher would not appeal his conviction to the district court. These assertions are not inconsistent with the record before us, but neither does the record establish that these terms were a part of Vorher's plea agreement. Accordingly, we do not rely on these assertions in our analysis of Vorher's petition.

3. Once a petitioner has demonstrated that he is eligible for extraordinary relief, the reviewing court "will consider multiple factors when determining whether or not to grant the relief requested." *State v. Barrett*, 2005 UT 88, ¶ 24, 127 P.3d 682. Such factors include "the egregiousness of the alleged error, the significance of the legal issue presented by the petition, the severity of the consequences occasioned by the alleged error, and additional factors." *Id.*

*See Barrett,* 2005 UT 88, ¶ 24, 127 P.3d 682. "In sum, if a petitioner is able to establish that a lower court abused its discretion, that petitioner becomes eligible for, but not entitled to, extraordinary relief." *Id.*

ANALYSIS

¶ 8 Vorher seeks extraordinary relief from his district court sentence pursuant to rule 65B(d) of the Utah Rules of Civil Procedure. *See generally* Utah R. Civ. P. 65B(d). Vorher has no direct right to appeal his sentence because the district court did not rule on the constitutionality of a statute or ordinance. *See* Utah Code Ann. § 78A–7–118(8) (Supp.2010) ("The decision of the district court [on appeal from the justice court] is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance."). Accordingly, Vorher has "no other plain, speedy and adequate remedy," Utah R. Civ. P. 65B(a), and his " 'pursuit of an extraordinary writ is procedurally correct,' " *Taylorsville City v. Adkins,* 2006 UT App 374, ¶ 3, 145 P.3d 1161 (per curiam) (quoting *Dean v. Henriod,* 1999 UT App 50, ¶ 8, 975 P.2d 946).

¶ 9 However, we conclude that Vorher is not eligible for extraordinary relief because he has not established an abuse of discretion on the part of the district court. Vorher correctly asserts that Utah Code section 76–3–405(1) generally prohibits the imposition of a greater sentence after a defendant successfully appeals. *See generally* Utah Code Ann. § 76–3–405(1). However, this case falls outside of the general rule because Vorher's original conviction and sentence resulted from a plea agreement. *See generally id.* § 76–3–405(2)(b). Thus, while a mistake of law "may constitute an abuse of discretion," *Barrett,* 2005 UT 88, ¶ 26, 127 P.3d 682, there was no mistake of law here because section 76–3–405(1)'s prohibition on increased sentences does not apply when the original sentence results from a plea agreement that is later repudiated.

¶ 10 Utah Code section 76–3–405 provides that, upon a defendant's reconviction after a successful appeal, the sentencing court "shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied." Utah Code Ann. § 76–3–405(1). And, section 76–3–405 has been held to govern appeals from the justice court to the district court. *See Wisden v. District Court,* 694 P.2d 605, 606 (Utah 1984) (per curiam) ("[T]he district court sentences were contrary to section 76–3–405...."); *Adkins,* 2006 UT App 374, ¶ 12, 145 P.3d 1161 ("The *Wisden* court concluded that Utah Code section 76–3–405(1) applied to justice court defendants."). Thus, Vorher is correct in his assertion that the punishment imposed by the district court following a trial de novo cannot ordinarily exceed that originally imposed by the justice court for an offense or offenses based on the same conduct. *See Wisden,* 694 P.2d at 606.

¶ 11 However, section 76–3–405 contains a broad exception for situations where the original sentence is the result of a plea agreement: "This section does not apply when ... a defendant enters into a plea agreement with the prosecution and later successfully moves to invalidate his conviction, in which case the defendant and the prosecution stand in the same position as though the plea bargain, conviction, and sentence had never occurred." Utah Code Ann. § 76–3–405(2)(b) (2008). Vorher's justice court conviction resulted from a plea agreement whereby Vorher pleaded guilty to a reduced charge, and his appeal to the district court invalidated the justice court conviction. Under these circumstances, section 76–3–405's prohibition on increased sentences "does not apply." *See id.*

¶ 12 We recognize that, in a strict sense, Vorher and others who vacate their plea agreements in justice court by requesting a trial de novo in district court do not "stand in the same position as though the plea bargain, conviction, and sentence had never occurred," *see id.,* because they have lost the right to appellate review. *See id.* § 78A–7–118(8) (Supp.2010) ("The decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance."). However, we are not convinced that the legislature intended to exclude justice court plea

agreements from section 76–3–405(2)(b)'s exception to the general rule against increased punishment following appeals. Rather, it appears that section 76–3–405 was intended to cover all criminal appeals but was drafted without specific consideration of the practical differences between justice court appeals and district court appeals.[4]

¶ 13 Our decision today that the exception contained in Utah Code section 76–3–405(2)(b) applies to justice court plea agreements invalidated by appeals to the district court is informed by the policies expressed by the Utah Supreme Court in addressing situations in which a district court defendant successfully withdraws a guilty plea. That court has stated,

> We also believe that it would be unwise to hold that a sentence imposed pursuant to a plea agreement should limit a sentence subsequently imposed at trial after defendant has withdrawn his plea. Plea bargains are entered into so that both sides may avoid the expense and uncertainty of a trial. In exchange for conserving State resources, defendant usually receives a lower charge or lesser sentence. Thus, it would be anomalous to allow a defendant to keep the benefit of an agreement he repudiated while requiring the State to proceed to trial and prove its case.

*State v. Powell,* 957 P.2d 595, 597 (Utah 1998); *see also State v. Maguire,* 957 P.2d 598, 600 (Utah 1998) (stating that exclusion of withdrawn plea agreements from rule against greater subsequent sentences "advances public policy by preventing a defendant from retaining the benefits of a plea bargain while rescinding his part of the agreement"). Here, Vorher seeks to retain the benefit of his original plea agreement "while rescinding his part of the agreement," *Maguire,* 957 P.2d at 600, a result that would

clearly run contrary to the public policies surrounding plea agreements.[5]

### CONCLUSION

¶ 14 We conclude that the district court made no mistake of law and did not exceed its permitted discretion when it sentenced Vorher to 180 days in jail on his class B misdemeanor voyeurism conviction. Although Utah Code section 76–3–405(1) prohibits the imposition of a more severe sentence after a successful appeal, section 76–3–405(2)(b) creates an exception to the general rule for cases such as Vorher's, where "a defendant enters into a plea agreement with the prosecution and later successfully moves to invalidate his conviction," Utah Code Ann. § 76–3–405(2)(b). Accordingly, Vorher has not demonstrated that he is eligible for the extraordinary relief that he seeks, and his petition for extraordinary relief is denied.

¶ 15 WE CONCUR: GREGORY K. ORME and J. FREDERIC VOROS JR., Judges.

---

4. The Utah Supreme Court has applied section 76–3–405 to justice court appeals even though the statutory language is in some ways inconsistent with the justice court appeal process. *See Wisden v. District Court,* 694 P.2d 605, 606 (Utah 1984) (per curiam) (applying section 76–3–405(1) to a trial de novo following an appeal from the justice court, despite the statute's language limiting its application to situations where a conviction was set aside on direct review or on collateral attack). *Compare State v. Powell,* 957 P.2d 595, 596–97 (Utah 1998) (holding that the suc-

cessful withdrawal of a guilty plea, even after appeal, does not constitute the setting aside of a conviction on direct review or collateral attack).

5. We also note the possibility that prosecutors might be less willing to entertain justice court plea agreements at all if defendants could lock in their maximum sentence with a plea agreement and then demand a trial de novo in the district court.