*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2013 UT 10**

**297 P.3d 614**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

CARLOS VORHER,
*Petitioner,*

*v.*

HONORABLE STEPHEN L. HENRIOD,
*Respondent.*

No. 20110737
Filed February 22, 2013

On Certiorari to the Utah Court of Appeals

Third District, Tooele Dep't
The Honorable Stephen L. Henriod
No. 091300624

Attorneys:

Richard G. Uday, Charles R. Stewart, Salt Lake City, for petitioner

Brent M. Johnson, Salt Lake City, M. Douglas Bayly, Tooele,
for respondent

JUSTICE PARRISH authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE NEHRING, and
JUSTICE LEE joined.

JUSTICE DURHAM filed a concurring opinion.

JUSTICE PARRISH, opinion of the Court:

## INTRODUCTION

¶1     At issue in this case is whether Utah Code section 76-3-405(2)(b) applies to appeals from justice court convictions. Under section 405(1), "[w]here a conviction or sentence has been set aside on direct review . . . , the court shall not impose a new sentence for the same offense . . . which is more severe than the prior sentence." UTAH CODE § 76-3-405(1). Section 76-3-405(2)(b) provides an exception to this general rule when a defendant's sentence is based on a plea agreement. The court of appeals applied this exception to uphold the district court's imposition of a more severe sentence on Petitioner following his appeal from justice court. We granted

certiorari on the issue of "[w]hether the court of appeals erred in denying Petitioner's request for extraordinary relief challenging the imposition of a more severe penalty following a de novo trial on appeal of his justice court guilty plea."

## BACKGROUND

¶2    Carlos Vorher was charged with voyeurism, a class B misdemeanor, in Tooele County justice court.  He pled guilty to disorderly conduct, a class C misdemeanor, and was sentenced to ninety days in jail and ordered to pay a fine.  Mr. Vorher appealed his conviction to the district court, which conducted a trial de novo.  Mr. Vorher argued to the district court that he could not be sentenced more severely than he had been in the justice court.  However, the district court convicted him of the original charge, sentenced him to 180 days in jail, and imposed a higher fine.

¶3    Mr. Vorher petitioned the court of appeals for extraordinary relief.  He argued that the district court violated section 76-3-405 of the Utah Code when it imposed a more severe punishment than the one originally imposed by the justice court.

¶4    The court of appeals denied the relief requested.  It reasoned that although section 76-3-405(1) "generally prohibits the imposition of a greater sentence after a defendant successfully appeals," Mr. Vorher's "case falls outside of the general rule because [his] original conviction and sentence resulted from a plea agreement." *Vorher v. Henriod*, 2011 UT App 199, ¶ 9, 262 P.3d 42.  It noted that this court had applied subsection (1) of 76-3-405 to appeals from justice court "even though the statutory language is in some ways inconsistent with the justice court appeal process." *Id.* ¶ 12 n.4 (citing *Wisden v. District Court*, 694 P.2d 605 (Utah 1984) (per curiam)).  And it was "not convinced that the [L]egislature intended to *exclude* justice court plea agreements" from the exception found in subsection (2)(b). *Id.* ¶ 12 (emphasis added).  It therefore determined that the exception contained in subsection (2)(b) applied to justice court convictions, and that the district court did not make a mistake of law or abuse its discretion when it sentenced Mr. Vorher to a more severe sentence on appeal than the one originally imposed by the justice court. *Id.* ¶ 14.

¶5    Mr. Vorher filed a petition for certiorari review and Tooele City filed a response.  We granted the petition for review and have jurisdiction pursuant to sections 78A-3-102(3)(a) and 78A-3-102(5) of the Utah Code.

**STANDARD OF REVIEW**

¶6 "Whether section 76-3-405 applies . . . is a matter of statutory interpretation, which presents a question of law. We review a [district] court's rulings on questions of law for correctness." *State v. Powell*, 957 P.2d 595, 596 (Utah 1998).

**ANALYSIS**

¶7 Mr. Vorher argues that the court of appeals erred when it upheld the district court's imposition of a more severe sentence than the one originally imposed by the justice court. Specifically, he argues that allowing the district court's punishment to stand would "chill the right of appeal." He further suggests that imposition of a harsher punishment after appeal is a violation of his right to due process.

¶8 Tooele City responds that subsection (2)(b) of section 76-3-405 applies to appeals from justice courts because it is consistent with this court's precedent holding that subsection (1) applies to justice courts. It further argues that the due process concerns prohibiting imposition of harsher sentences following appeal do not apply to cases involving negotiated pleas or to a two-tiered justice court appeal system. We agree with Tooele City and hold that section 76-3-405(2)(b) applies to appeals from justice courts.

### I. UTAH CODE SECTION 76-3-405(2)(b) APPLIES TO APPEALS FROM JUSTICE COURTS FOLLOWING A PLEA AGREEMENT

¶9 Justice courts are authorized under article VIII, section 1 of the Utah Constitution and are governed by the Utah Code. *See* UTAH CODE §§ 78A-7-101 to -300. Justice courts have jurisdiction over class B and C misdemeanors, among other things. *Id.* § 78A-7-106(1). If a defendant timely appeals "a plea of guilty . . . in the justice court," then he is "entitled to a trial de novo in the district court." *Id.* § 78A-7-118(1)(b). But a justice court defendant has no further right to appeal the results of the trial de novo unless "the district court rule[d] on the constitutionality of a statute or ordinance." *Id.* § 78A-7-118(9).

¶10 We upheld the constitutionality of Utah's justice court system in *Bernat v. Allphin*, 2005 UT 1, 106 P.3d 707. Specifically, we held that a defendant's right to appeal a justice court judgment through a de novo trial in the district court does not violate the constitutional prohibition against double jeopardy, *id.* ¶ 33, does not

deny a defendant's right to due process, *id.* ¶ 39, and does not deny a defendant's right to equal protection of the law, *id.* ¶ 41.

¶11 Having described the justice court appeal framework, we now consider the applicability of section 76-3-405(2)(b) to justice court appeals. Subsection (1) of section 76-3-405 "provides that the sentence imposed after retrial shall not be more severe than the original sentence." *Wisden v. District Court*, 694 P.2d 605, 606 (Utah 1984) (per curiam). In *Wisden*, we explicitly held that subsection (1) of section 76-3-405 applies to appeals from justice court convictions. *Id.* Subsequent to our ruling in *Wisden*, the Legislature added subsection (2) to section 76-3-405. Subsection (2) recognizes two exceptions to the applicability of subsection (1). Subsection (2)(b) states that the general prohibition against a district court imposing a punishment in excess of that originally imposed for an offense based on the same conduct "does not apply when . . . a defendant enters into a plea agreement with the prosecution." UTAH CODE § 76-3-405(2)(b). We have yet to address whether subsection (2)(b) applies to appeals from justice courts. We now do so.

¶12 By its terms, section 76-3-405 applies in cases "[w]here a conviction or sentence has been set aside on direct review or on collateral attack." We acknowledge that our justice court appeal framework does not involve setting aside justice court judgments on direct review. *See Bernat*, 2005 UT 1, ¶ 20. Indeed, upon the filing of a timely appeal, all justice court defendants are automatically entitled to a trial de novo in the district court. UTAH CODE § 78A-7-118(1). In short, it is semantically difficult to conceptualize a trial de novo as an appeal. But our holding in *Wisden* was clear—subsection (1) applies to justice courts. 694 P.2d 605, 606. Because subsection (1) applies to justice courts and subsection (2) creates an exception to subsection (1), then subsection (2) necessarily applies to appeals from justice court convictions. To conclude otherwise would require us to overrule *Wisden*.

¶13 "Under the doctrine of stare decisis, a party asking us to overturn prior precedent has a substantial burden of persuasion." *Utah Dep't of Transp. v. Admiral Beverage Corp.*, 2011 UT 62, ¶ 16, 275 P.3d 208 (internal quotation marks omitted). "[L]ong standing precedent should not be overruled except for the most compelling reasons." *ASC Utah, Inc. v. Wolf Mountain Resorts, L.C.*, 2010 UT 65, ¶ 23, 245 P.3d 184 (internal quotation marks omitted). Specifically, "we may overturn our precedent if we are clearly convinced that the rule was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by

departing from precedent." *Admiral Beverage Corp.*, 2011 UT 62, ¶ 16 (internal quotation marks omitted). But Mr. Vorher has not even articulated an argument suggesting that we overrule our precedent in *Wisden*. Therefore, stare decisis dictates that section 76-3-405, including subsection (2)(b), applies to justice courts.

¶14  Our conclusion is buttressed by the legislative history. Section 76-3-405 was first enacted in 1973. We issued our opinion in *Wisden* in 1984. And the Legislature added subsection (2) in 1997. The fact that the Legislature added subsection (2) after we had explicitly held that section 76-3-405 applied to appeals from justice courts suggests that the Legislature intended subsection (2) to apply to justice courts as well.

¶15  In addition, the policy reasons that support subsection (2)(b) apply equally to appeals from justice courts and traditional appeals. We have previously recognized that

> it would be unwise to hold that a sentence imposed pursuant to a plea agreement should limit a sentence subsequently imposed at trial after [the] defendant has withdrawn his plea. Plea bargains are entered into so that both sides may avoid the expense and uncertainty of a trial. In exchange for conserving State resources, [the] defendant usually receives a lower charge or lesser sentence. Thus, it would be anomalous to allow a defendant to keep the benefit of an agreement he repudiated while requiring the State to proceed to trial and prove its case.

*State v. Powell*, 957 P.2d 595, 597 (Utah 1998).

¶16  We also agree with the concern noted by the court of appeals in this case. Specifically, "prosecutors might be less willing to entertain justice court plea agreements at all if defendants could lock in their maximum sentence with a plea agreement and then demand a trial de novo in the district court." *Vorher v. Henriod*, 2011 UT App 199, ¶ 13 n.5, 262 P.3d 42. In short, application of 76-3-405(2)(b) to justice court convictions is consistent with both Utah precedent and the public policies that support it.

## II. SECTION 76-3-405(2)(b) IS CONSISTENT WITH UNITED STATES SUPREME COURT PRECEDENT

¶17  In arguing that section 76-3-405(2)(b) should not be applied to appeals from justice court convictions, Mr. Vorher argues that the United States Supreme Court opinion in *North Carolina v. Pearce*, 395

U.S. 711 (1969), "expressly forbids actions which chill the right to appeal by disallowing a more severe sentence at trial." But Mr. Vorher has not articulated an argument that the statute is unconstitutional under the United States Constitution.[1] Nor would he be successful in doing so under controlling Supreme Court precedent.

¶18  In *Pearce*, the defendant was convicted of assault with intent to commit rape. *Id.* at 713. The North Carolina Supreme Court reversed his conviction and granted Pearce a new trial. *Id.* Upon retrial, Pearce was convicted and sentenced to what amounted to a longer total sentence than that originally imposed. *Id.* The United States Supreme Court granted habeas corpus review and held that neither the Double Jeopardy Clause nor the Equal Protection Clause provided an absolute bar to a more severe sentence upon reconviction. *Id.* at 717–23. The Court reasoned that "it would be a flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside." *Id.* at 723–24. Thus, the Court held that "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. " *Id.* at 725.

¶19  The Court has subsequently made clear, however, that a presumption of vindictiveness does "not apply in every case where a convicted defendant receives a higher sentence on retrial." *Texas v. McCullough*, 475 U.S. 134, 138 (1986). And in *Alabama v. Smith*, it specifically held that federal due process does not require a presumption of vindictiveness in circumstances where a defendant initially pled guilty pursuant to a plea agreement and a sentencing judge had more information after hearing evidence at trial. 490 U.S. 794, 801 (1989). As a result, "the majority of the circuits have concluded that the *Pearce* presumption does not apply in the plea bargaining context." Kurtis A. Kemper, Annotation, *Propriety of Sentencing Judge's Imposition of Harsher Sentence than Offered in Connection with Plea Bargain Rejected or Withdrawn Plea by Defendant - Federal Cases*, 200 A.L.R. Fed. 591 (2005).

¶20  Without a presumption of vindictiveness, a defendant seeking to establish the unconstitutionality of a harsher sentence

---

[1] Mr. Vorher also has not argued that there should be a different outcome under the Utah Constitution.

following an appeal must demonstrate actual vindictiveness. But "courts have uniformly held that *no* actual vindictiveness was established by the mere fact that the defendant's sentence exceeded that offered in a plea bargain." *Id.* (emphasis added). Because Mr. Vorher has failed to articulate any evidence suggesting vindictiveness, any claim that section 76-3-405(2)(b) is unconstitutional would necessarily have been unsuccessful.

## CONCLUSION

¶21   We hold that the section 76-3-405(2)(b) exception against imposing a harsher sentence on appeal when a defendant has entered into a plea agreement applies to justice court proceedings. Therefore, the court of appeals did not err in denying Mr. Vorher's request for extraordinary relief.

─────────────

JUSTICE DURHAM, concurring in the result:

¶22   I concur in the result reached by the majority but write separately to express my disagreement with the majority's conclusion that Utah Code section 76-3-405(2) applies to appeals from justice court. The majority recognizes that "it is semantically difficult" to reconcile the statute with the justice court appeal process, yet feels bound to do so by *Wisden v. District Court*, 694 P.2d 605 (Utah 1984) (per curiam). *Supra* ¶ 12. In my view, *Wisden* is of little precedential value because it is a thirty-year-old per curiam opinion with no statutory analysis. We should not feel bound by such an opinion to adhere to a conceptually, semantically, and constitutionally problematic interpretation of a statute.

¶23   Utah Code section 76-3-405 provides as follows:

(1) Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied.

(2) This section does not apply when:

. . .

(b) a defendant enters into a plea agreement with the prosecution and later successfully moves to invalidate his conviction, in which case the defendant and the prosecution stand in the same position as

though the plea bargain, conviction, and sentence had never occurred.

¶24　By its plain language, section 76-3-405 applies "[w]here a conviction or sentence has been set aside on direct review or on collateral attack." The exception in subsection (2)(b) applies where "a defendant . . . successfully moves to invalidate his conviction." When a justice court defendant exercises the right to appeal to the district court, the conviction and sentence from the justice court are not "set aside on review or on collateral attack" or "invalidate[d]." Although the sentence may be stayed, the conviction and sentence remain in force during the appeal. *See Bernat v. Allphin*, 2005 UT 1, ¶¶ 22–23, 106 P.3d 707. Furthermore, subsection (2)(b) states that when a conviction resulting from a guilty plea is invalidated, "the defendant and the prosecution stand in the same position as though the plea bargain, conviction, and sentence had never occurred." As the court of appeals recognized, it is impossible for defendants who appeal their justice court convictions to stand "as though the plea bargain, conviction, and sentence had never occurred because they have lost the right to appellate review." *Vorher v. Henriod*, 2011 UT App 199, ¶ 12, 262 P.3d 42 (citation omitted) (internal quotation marks omitted).

¶25　Thus, by its plain language, section 76-3-405 does not apply to appeals from justice court. The majority recognizes this fact in paragraph 12, and we recognized this fact in *Wisden*. We noted in *Wisden* that "[t]he district court judge, sitting as a trial judge, may have reasoned that section 76–3–405 did not apply, since the first conviction was not 'set aside on direct review or on collateral attack.'" 694 P.2d at 606 (quoting UTAH CODE § 76-3-405). We did not proceed to explain how the statutory language could be reconciled with the justice court appeal system. Rather, we said, "Our rule is not confined to the statutory limitation," and proceeded to identify a constitutional foundation for our holding. *Id.*

¶26　The majority finds support for its position in the Legislature's post-*Wisden* addition of subsection (2). *See supra* ¶ 14. However, if the Legislature had been mindful of *Wisden* when it enacted subsection (2), it should have either clarified that section 76-3-405 does not apply to justice court appeals or amended the language to make it compatible with the justice court appeal process. Instead, the Legislature simply added subsection (2), which, like the current subsection (1), includes language that is incompatible with justice court appeals. Thus, the Legislature appears not to have been

considering either *Wisden* or the justice court appeal process when it added subsection (2).

¶27 Notwithstanding my disagreement with the majority's statutory interpretation, I concur in the result because, as the majority explains in paragraphs 17 through 20, the harsher sentence imposed on Mr. Vorher by the district court does not violate his federal due process rights. The sentence may arguably violate his right to appeal or his due process rights under the Utah Constitution, *see City of Monticello v. Christensen,* 788 P.2d 513, 519–20 (Utah 1990) (Durham, J., dissenting), but Mr. Vorher has not asked us to consider his state constitutional rights.

_____