Justice DURHAM,
concurring in the result:
4 22 I concur in the result reached by the majority but write separately to express my disagreement with the majority's conclusion that Utah Code section 76-8-405(2) applies to appeals from justice court. The majority recognizes that "it is semantically difficult" to
reconcile the statute with the justice court appeal process, yet feels bound to do so by Wisden v. District Court, 694 P.2d 605 (Utah 1984) (per curiam). Supro 112. In my view, Wisden is of little precedential value because it is a thirty-year-old per curiam opinion with no statutory analysis. We should not feel bound by such an opinion to adhere to a conceptually, semantically, and constitutionally problematic interpretation of a statute.
(23 Utah Code section 76-8-405 provides as follows:
(1) Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied.
(2) This section does not apply when:
[[Image here]]
(b) a defendant enters into a plea agreement with the prosecution and later sue-cessfully moves to invalidate his conviction, in which case the defendant and the prosecution stand in the same position as though the plea bargain, conviction, and sentence had never occurred.
1 24 By its plain language, section 76-8-405 applies "[where a conviction or sentence has been set aside on direct review or on collateral attack." The exception in subsection (2)(b) applies where "a defendant ... successfully moves to invalidate his conviction." When a justice court defendant exercises the right to appeal to the district court, the conviction and sentence from the justice court are not "set aside on review or on collateral attack" or "invalidatefd]." Although the sentence may be stayed, the conviction and sentence remain in force during the appeal. See Bernat v. Allphin, 2005 UT 1, ¶¶ 22-23, 106 P.3d 707. Furthermore, subsection (2)(b) states that when a conviction resulting from a guilty plea is invalidated, "the defendant and the prosecution stand in the same position as though the plea bargain, conviction, and sentence had never occurred." As the court of appeals recognized, it is impossible for defendants who appeal their justice court *619 convictions to stand "as though the plea bargain, conviction, and sentence had never occurred because they have lost the right to appellate review." Vorher v. Henriod, 2011 UT App 199, 1 12, 262 P.3d 42 (citation omitted) (internal quotation marks omitted).
125 Thus, by its plain language, section 76-3-405 does not apply to appeals from justice court. The majority recognizes this fact in paragraph 12, and we recognized this fact in Wisden. We noted in Wisden that "[the district court judge, sitting as a trial judge, may have reasoned that section 76-3-405 did not apply, since the first conviction was not 'set aside on direct review or on collateral attack."" 694 P.2d at 606 (quoting Uran Cope § 76-8-405). We did not proceed to explain how the statutory language could be reconciled with the justice court appeal system. Rather, we said, "Our rule is not confined to the statutory limitation," and proceeded to identify a constitutional foundation for our holding. Id.
126 The majority finds support for its position in the Legislature's post-Wisden addition of subsection (2). See supro 114. How ever, if the Legislature had been mindful of Wisden when it enacted subsection (2), it should have either clarified that section 76-8-405 does not apply to justice court appeals or amended the language to make it compatible with the justice court appeal process. Instead, the Legislature simply added subsection (2), which, like the current subsection (1), includes language that is incompatible with justice court appeals. Thus, the Legislature appears not to have been considering either Wisden or the justice court appeal process when it added subsection (2).
127 Notwithstanding my disagreement with the majority's statutory interpretation, I concur in the result because, as the majority explains in paragraphs 17 through 20, the harsher sentence imposed on Mr. Vorher by the district court does not violate his federal due process rights. The sentence may arguably violate his right to appeal or his due process rights under the Utah Constitution, see City of Monticello v. Christensen, 788 P.2d 518, 519-20 (Utah 1990) (Durham, J., dissenting), but Mr. Vorher has not asked us to consider his state constitutional rights.